# EXHIBIT A

Paul E. Summit (PS 6263)
Andrew T. Solomon (AS 9200)
Emily A. Samuels (ES 0302)
SULLIVAN & WORCESTER LLP
1290 Avenue of the Americas, 29th Floor
New York, NY 10104
(212) 660-3000

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

THE EXPORT-IMPORT BANK OF
THE REPUBLIC OF CHINA,

                     Plaintiff,

          -against-

GRENADA,

                   Defendant.

-------------------------------------------------------X

06 CV 2469 (HB) (AJP)

**PLAINTIFF'S FIRST SET OF
POST-JUDGMENT
INTERROGATORIES
TO DEFENDANT**

       Pursuant to Rules 33 and 69(a) of the Federal Rules of Civil Procedure, Plaintiff, The

Export-Import Bank of the Republic of China ("Ex-Im Bank"), by its attorneys, Sullivan &

Worcester LLP, hereby requests that Defendant, Grenada ("Grenada") answer separately and

under oath each of the following interrogatories within the time allowed by law.

DEFINITIONS

      1.    "Ex-Im Bank" refers to plaintiff, a banking institution organized and existing

under the laws of the Republic of China and does not refer to the country of the "Republic of

China"("Taiwan"), which is a separate legal entity.

      2.    "Grenada" refers to defendant, the foreign state of Grenada.

{N0094801; 3}

3.  "Liquid Asset" as used herein refers to any cash or currency in any national denomination, any claim for receipt of money, any contract claim or chose in action, any interest in a commercial venture, or any stocks, bonds, letters of credit, or any other financial property.

4.  "Tangible Asset" as used herein refers to any tangible property, including but not limited to real property, hotels or resorts, offices, buildings, dwelling places, houses, apartments, condominiums, vehicles, valuable jewelry, paintings, or any works of art.

5.  "Instrumentality" as used herein refers to any agency, administrative agency, government-owned corporation or any subsidiary of such corporation and government-controlled corporation or any subsidiary of such corporation.

6.  "Foreign" refers to any entity that does not reside in Grenada, or in the case of a business or corporation, is not incorporated in Grenada.

7.  "State" refers to any sovereign nation.

8.  "Commercial activity" means any activity engaged in for the purposes of commerce, including continuous commercial activity or a single commercial transaction or act.

9.  "Creditor" refers to all individuals, foreign states and/or other entities to whom Grenada is in default in any obligation.

10. "Debtor" refers to all individuals, foreign states and/or other entities who owe a debt to Grenada.

11. "First Loan Agreement" refers to the first loan agreement between "Ex-Im Bank" and Grenada, Loan No. 6020216001 dated July 27, 1990, in the amount of U.S. $10,000,000.00.

12. "Second Loan Agreement" refers to the second loan agreement between the Ex-Im Bank and Grenada, Loan No. 6020216002 dated April 24, 1997, in the amount of U.S. $2,000,000.00.

{N0094801; 3}

13. "Third Loan Agreement" refers to the third loan agreement between the Ex-Im Bank and Grenada, Loan No. 6020216003 dated October 1, 1997, in the amount of U.S. $6,000,000.00.

14. "Fourth Loan Agreement" refers to the fourth loan agreement between the Ex-Im Bank and Grenada, Loan No. 6020216004 dated January 21, 2000, in the amount of U.S. $10,000,000.00.

15. The "Loan Agreements" refers collectively to the First Loan Agreement, the Second Loan Agreement, the Third Loan Agreement and the Fourth Loan Agreement.

## INSTRUCTIONS

1.    Ex-Im Bank incorporates by reference Rules 26.2 and 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, concerning the Assertion of Claim of Privilege and the Uniform Definitions in Discovery Requests.

2.    These interrogatories are continuing in nature so as to require Grenada to supplement its answers as required by Fed.R.Civ.P. 26(e).

3.    Unless otherwise specified, the applicable time period shall be from January 1, 1990 to the present.

4.    When asked to "describe the location" of an asset, including but not limited to an account at a financial institution, the description should include:

   a.  the name, address, and telephone number of the entity where the asset is located;

   b.  if the asset is located in a financial institution: an identification of the account, including the name of the account holder and the account number; and

   c.  the value of the asset as of a) the date these interrogatories are received by Grenada, and b) the date these interrogatories are answered by Grenada.

5.    When asked to "identify" a person, if that person is an individual, specify the person's:

    a.  full name;

    b.  last known business address;

    c.  last known residence address;

    d.  last known occupation or employer (or business affiliation);

    e.  last known title or position;

    f.  employer and position at the time relevant to the particular inquiry; and

    g.  a brief description of the duties and responsibilities of the person at the time relevant to the particular inquiry.

6.    These interrogatories do not seek the identification of any Liquid Assets, Tangible Assets, accounts or monies in any financial institution, debts owed to Grenada or an Instrumentality of Grenada, amounts owed by Grenada to Grenada's creditors, and foreign investments in Grenada, or an Instrumentality of Grenada, which are properly valued at less than $20,000.00.

{N0094801; 3}

4

## INTERROGATORIES

1.      Identify and describe the location of any bank accounts maintained by Grenada or by any Instrumentality of Grenada, within or without Grenada, including, but not limited to, accounts at the Federal Reserve Bank and accounts at the Eastern Caribbean Central Bank.  For each account, set forth the following:

   a.  The name, address and telephone number of the bank or entity where the asset is located;

   b.  The name of the account holder;

   c.  The account number;

   d.  The value of the account as of the date these interrogatories are received by Grenada;

   e.  The value of the account as of the date these interrogatories are answered by Grenada;

   f.  A detailed description of the purpose for the funds in the account; and

   g.  A detailed description of the account's activity from January 1, 1990 to the present date.

{N0094801; 3}

2.      Identify and describe the location of any bank accounts that are not maintained by Grenada or by an Instrumentality of Grenada, but in which Grenada or any Instrumentality of Grenada has money deposited at this time, within or without Grenada. For each account, set forth the following:

a.  The name, address and telephone number of the bank or entity where the asset is located;

b.  The name of the account holder;

c.  The account number;

d.  The value of the account as of the date these interrogatories are received by Grenada;

e.  The value of the account as of the date these interrogatories are answered by Grenada;

f.  A detailed description of the purpose for the funds in the account; and

g.  A detailed description of the account's activity from January 1, 1990 to the present date.

3.     Identify and describe the location, ownership (including name and address), and purpose of any and all Liquid Assets owned by Grenada or by any Instrumentality of Grenada, located within or without Grenada.

4.     Identify and describe the location, ownership (including name and address), and purpose of any and all Tangible Assets owned by Grenada or by any Instrumentality of Grenada, located within or without Grenada.

5.     As to each Liquid and Tangible Asset identified in Interrogatories 3 and 4, identify all persons or entities with knowledge or information regarding the particular Liquid or Tangible Asset.

6.    Set forth, identify and describe any entities, persons or states, who owe a debt to Grenada, or an Instrumentality of Grenada.  For each Debtor, set forth the following:

    a.   The name, address and telephone number of each debtor;

    b.   The amounts owed;

    c.   The underlying reason for the debt;

    d.   Whether or not there is written evidence of this indebtedness, and if so, the location and custodian of the written indebtedness;

    e.   Whether there is any payment schedule that is in place, and if so, describe the schedule; and

    f.   Whether Grenada, or an Instrumentality of Grenada has commenced any litigation or enforcement proceedings concerning the amounts owed, and if so, describe the litigation or enforcement proceedings.

{N0094801; 3}

7.    Set forth, identify and describe any Creditors of Grenada or an Instrumentality of Grenada. For each Creditor, set forth the following

    a.  The name, address and telephone number of each Creditor;

    b.  The amounts owed;

    c.  The underlying reason for the obligation;

    d.  Whether or not there is written evidence of this indebtedness, and if so, the location and custodian of the written indebtedness;

    e.  Whether there is any payment schedule that is in place, and if so, describe the schedule; and

    f.  Whether any such Creditor has commenced any litigation or enforcement proceedings concerning the amounts owed, and if so, describe the litigation or enforcement proceeding.

8.    Describe in detail the present disposition and location of the monies received by Grenada under the Loan Agreements.

9.    Identify and describe each action that Grenada, or an Instrumentality of Grenada, has undertaken since judgment was entered in this case to commence repaying Grenada's obligations under the Loan Agreements.

10.    Identify every Grenadian official who resides, temporarily or permanently, within the United States.

{N0094801; 3}

11.     Identify and describe all Foreign assistance that Grenada, or an Instrumentality of Grenada, receives from any Foreign entity (including any foreign nation, business, corporation, consortium, or person).

12.     Identify and describe any commercial contract, agreement or relationship with any Foreign entity (including any foreign nation, business, corporation, consortium, or person), concerning Grenada's exportation of agricultural goods, including but not limited to, spice exports, banana exports, cacao and coconuts.  For each commercial contract, agreement or relationship, identify the following:

   a.   The date of execution of any contract or agreement, or of initiation of the relationship and the current status of the contract, agreement, or relationship;

   b.   The location and custodian of a copy of any contract or agreement;

   c.   A description of the terms of any contract, including, but not limited to, the obligations and liabilities of the Foreign entity to Grenada or an Instrumentality of Grenada, including any payment or royalty obligations to Grenada or an Instrumentality of Grenada;

   d.   A description of any and all transfers of funds that have taken place under any contract, agreement, or relationship, including an identification of any bank or financial institution that participated in the transfer of the funds;

{N0094801; 3}

   e.  A description of any and all transfers of funds intended to take place within the next five years, including an identification of the name and location of any bank or financial institution that will participate in the transfer of the funds; and

   f.  A description of the ownership or interest, if any, of Grenada or an Instrumentality of Granada in the Foreign entity.

13.    Identify and describe any commercial contract, agreement or relationship with any Foreign entity (including any foreign nation, business, corporation, consortium, or person), concerning Grenada's tourism industry.  For each commercial contract, agreement or relationship, identify the following:

a.   The date of execution of any contract or agreement, or of initiation of the relationship and the current status of the contract, agreement, or relationship;

b.   The location and custodian of a copy of any contract or agreement;

c.   A description of the terms of any contract, including, but not limited to, the obligations and liabilities of the Foreign entity to Grenada or an Instrumentality of Grenada, including any payment or royalty obligations to Grenada or an Instrumentality of Grenada;

d.   A description of any and all transfers of funds that have taken place under any contract, agreement, or relationship, including an identification of any bank or financial institution that participated in the transfer of the funds;

e.   A description of any and all transfers of funds intended to take place within the next five years, including an identification of the name and location of any bank or financial institution that will participate in the transfer of the funds; and

f.   A description of the ownership or interest, if any, of Grenada or an Instrumentality of Granada in the Foreign entity.

13

{N0094801; 3)

14.    Identify and describe Peter de Savary's investment projects in Grenada, including, but not limited to, the Port Louis project and Mount Cinnamon. For each project, identify:

a.   The name of the project;

b.   The purpose of the project;

c.   The location and custodian of a copy of any contract or agreement;

d.   A description of the terms of any contract, including, but not limited to, Peter de Savary's obligations and liabilities to Grenada or an Instrumentality of Grenada, including any payment or royalty obligations to Grenada or an Instrumentality of Grenada;

e.   A description of any and all transfers of funds that have taken place under any contract, agreement, or relationship, including an identification of any bank or financial institution that participated in the transfer of the funds;

f.   A description of any and all transfers of funds intended to take place within the next five years, including an identification of the name and location of any bank or financial institution that will participate in the transfer of the funds;

g.   A description of the ownership or interest, if any, of Grenada or an Instrumentality of Granada in the project; and

14

    h.  Any other persons, entities or states that either have invested in the project or have promised to invest in the project.

15.    Identify and describe any contract, agreement, or relationship between Grenada or any Instrumentality of Grenada and a Foreign entity (including any foreign nation, business, corporation, consortium, or person), other than those described in Interrogatory Number 14, by which such Foreign entity invests in any way in Grenada, or an Instrumentality of Grenada. Include in such description:

    a.  The name and location of the Foreign entity;

{N0094801;3}

15

b. The date of execution of any contract or agreement, or of initiation of the relationship and the current status of the contract, agreement, or relationship;

c. The location and custodian of a copy of any contract or agreement;

d. A description of the terms of any contract, including, but not limited to, the obligations and liabilities of the Foreign entity to Grenada or an Instrumentality of Grenada, including any payment or royalty obligations to Grenada or an Instrumentality of Grenada;

e. A description of any and all transfers of funds that have taken place under any contract, agreement, or relationship, including an identification of any bank or financial institution that participated in the transfer of the funds;

f. A description of any and all transfers of funds intended to take place within the next five years, including an identification of the name and location of any bank or financial institution that will participate in the transfer of the funds; and

g. A description of the ownership or interest, if any, of Grenada or an Instrumentality of Granada in the Foreign entity.

16

{N0094801; 3}

16.    Identify the five persons most knowledgeable about Grenada or an Instrumentality of Grenada's Liquid Assets, Tangible Assets, accounts or monies in any financial institution, monies, debts owed to Grenada, or an Instrumentality of Grenada, Grenada's creditors, and foreign investments in Grenada or in an Instrumentality of Grenada.

17.    Identify and describe any books or records maintained by Grenada, or an Instrumentality of Grenada, that concern Grenada or an Instrumentality of Grenada's Liquid Assets, Tangible Assets, accounts or monies in any financial institution, monies, debts owed to Grenada, or an Instrumentality of Grenada, Grenada's creditors, and foreign investments in Grenada or in an Instrumentality of Grenada.

18.    Identify the names and titles, if any, of all individuals who participated or assisted in preparing these interrogatories, or who prepared or supplied any information, indicating in the case of each such individual the interrogatory number which he prepared or for which he supplied any information or answer.

17

{N009480; 3}

Dated: New York, New York
October 3, 2007

SULLIVAN & WORCESTER LLP

By: _____
Paul E. Summit (PS 6263)
Andrew T. Solomon (AS 9200)
Emily A. Samuels (ES 0302)
1290 Avenue of the Americas
New York, NY 10104
T. 212.660.3000
F. 212.660.3001

*Attorneys for Plaintiff*

18

{N0094801; 3}