# EXHIBIT O
## [Exhibit O: Part I]



Sullivan & Worcester LLP
1290 Avenue of the Americas
New York, NY 10104

T 212 660 3000
F 212 660 3001
www.sandw.com

March 4, 2010

<u>By E-mail and Federal Express</u>

Brian E. Maas, Esq.
Frankfurt Kurnit Klein & Selz
488 Madison Avenue
New York, New York 10022

Re:     <u>The Export-Import Bank of The Republic of China v. Grenada</u>

Dear Brian:

Enclosed please find a Notice of Deposition for Grenada.  We have scheduled it for
Thursday, March 18, 2010.

We will be happy to discuss scheduling with you.

Please note that, under Fed.R.Civ.P. 30(b)(6), Grenada has an obligation for the designated
witness to investigate and prepare to testify on the designated topics.  In light of the
difficulty we have had to date in obtaining detailed and specific answers to interrogatories,
as well as relevant documents, the mandates of Rule 30(b)(6) are especially vital here.

Please note also that the witness is required to bring with him all documents that should
have been, but have not been, produced in response to Plaintiff's First Set of Post-Judgment
Interrogatories, dated October 3, 2007.  If more than one witness is required in order to
address the topics, please advise and we shall arrange a schedule that accommodates
multiple days.

If you have any questions, please inquire.  We can talk about this deposition during our
upcoming call on Monday, March 8.

Best regards,

Paul Summit

Paul E. Summit
Direct line:  617 338 2488
psummit@sandw.com

{N0201244; 1}
BOSTON   NEW YORK   WASHINGTON, DC

Paul E. Summit (PS 6263)
Andrew T. Solomon (AS 9200)
Emily A. Samuels (ES 0302)
SULLIVAN & WORCESTER LLP
1290 Avenue of the Americas, 29th Floor
New York, NY 10104
(212) 660-3000

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | |
|---|---|
| THE EXPORT-IMPORT BANK OF THE REPUBLIC OF CHINA, | **06 CV 2469 (HB) (AJP)** |
| Plaintiff-Judgment Creditor, | **NOTICE OF DEPOSITION** |
| -against- | |
| GRENADA, | |
| Defendant-Judgment Debtor. | |

-------------------------------------------------------------X

TO:

Brian E. Maas, Esq.
Frankfurt Kurnit Klein & Selz
488 Madison Avenue
New York, New York 10022


  **PLEASE TAKE NOTICE** that, in accordance with Federal Rules of Civil Procedure,

Rule 30(b)(6) and 69(a)(2), Plaintiff-Judgment Creditor The Export-Import Bank of The

Republic of China ("Ex-Im Bank"), by its attorneys, Sullivan & Worcester LLP, will take the

deposition upon oral examination of Grenada regarding the topics set forth in the attached

Exhibit A, by stenographic means before an officer authorized to administer oaths, at the offices

of Sullivan & Worcester LLP, 1290 Avenue of the Americas, New York, New York 10104,

commencing at 10 o'clock in the morning on Thursday, March 18, 2010, and continuing from

day to day thereafter until concluded. Plaintiff reserves the right to audio tape and/or video tape

the deposition and to use such tape at evidentiary hearings in this matter. The witness should bring with him any documents that are responsive to Plaintiff's First Set of Post-Judgment Interrogatories, dated October 3, 2007 (a copy attached hereto as Exhibit B), which have not already been produced. This deposition is to aid in the collection of the judgment obtained by Ex-Im Bank against Grenada, entered on March 16, 2007, in the action pending in the Southern District of New York.

        **PURSUANT** to the requirement of Rule 30(b)(6) of the Federal Rules of Civil Procedure, Grenada is required to designate for testimony one or more representatives most knowledgeable as to the subject matters listed in Exhibit A hereto.

Dated: New York, New York          SULLIVAN & WORCESTER LLP
       March 4, 2010

                             By: *Paul Summit* /dlb
                              Paul E. Summit (PS 6263)
                              Andrew T. Solomon (AS 9200)
                              Emily A. Samuels (ES 0302)
                              1290 Avenue of the Americas, 29th Floor
                              New York, NY 10104
                              (212) 660-3000

                              *Attorneys for Plaintiff-Judgment Creditor*
                              *The Export-Import Bank of the Republic of*
                              *China*

# Exhibit A

## EXHIBIT A

## DEFINITIONS

1.    "Ex-Im Bank" refers to plaintiff, a banking institution organized and existing under the laws of the Republic of China and does not refer to the country of the "Republic of China"("Taiwan"), which is a separate legal entity.

2.    "Grenada" refers to defendant, the foreign state of Grenada.

3.    "Ex-Im Bank Interrogatories" or "Ex-Im Bank Interrogatory" refers to Plaintiff's First Set of Post-Judgment Interrogatories, dated October 3, 2007.  A copy is attached hereto as Exhibit B.

4.    "Grenada's Response to Ex-Im Bank Interrogatories" or "Grenada's Response to Ex-Im Bank Interrogatory" refers to Defendant's Response to Plaintiff's First Set of Post-Judgment Interrogatories, dated September 4, 2009.  A copy is attached hereto as Exhibit C.

5.    "Grace's Distinctive Properties" refers to Grace's Distinctive Properties, Ltd., and all entities and persons within including owners, parents, subsidiaries, predecessors, successors and affiliates.

6.    "Morganti" refers to The Morganti Group and all entities and persons within including owners, parents, subsidiaries, predecessors, successors and affiliates.

7.    "Consolidated Contractors Company" refers to Consolidated Contractors Company, Consolidated Contractors International Company S.A.L., and all entities and persons within including owners, parents, subsidiaries, predecessors, successors and affiliates.

8.    "Peter de Savary" refers to the individual Peter de Savary along with any company or entity of which he is a member.

9.      "International Design Consultants" refers to International Design Consultants and all entities and persons within including owners, parents, subsidiaries, predecessors, successors and affiliates.

10.      "Liquid Asset" as used herein refers to any cash or currency in any national denomination, any claim for receipt of money, any contract claim or chose in action, any interest in a commercial venture, or any stocks, bonds, letters of credit, or any other financial property.

11.      "Tangible Asset" as used herein refers to any tangible property, including, but not limited to real property, hotels or resorts, offices, buildings, dwelling places, houses, apartments, condominiums, vehicles, valuable jewelry, paintings, or any works of art.

12.      "Instrumentality" as used herein refers to any agency, administrative agency, government-owned corporation or any subsidiary of such corporation and government-controlled corporation or any subsidiary of such corporation.

13.      "Foreign" refers to any entity that does not reside in Grenada, or in the case of a business or corporation, is not incorporated in Grenada.

14.      "State" refers to any sovereign nation.

15.      "Creditor" refers to all individuals, foreign states and/or other entities to whom Grenada is in default in any obligation.

16.      The "Loan Agreements" refers collectively to the four loan agreements between Ex-Im Bank and Grenada.

## INSTRUCTIONS

1.      Unless otherwise specified, the applicable time period shall be from January 1, 1990 to the present.

## TOPICS

1.      Any accounts or monies in any financial institution, including, but not limited to bank accounts, brokerage accounts, securities accounts, and commodities accounts, maintained by Grenada or by any Instrumentality of Grenada, located in or outside of Grenada, including, but not limited to, accounts listed in Appendices 1 and 2 of Grenada's Response to Ex-Im Bank Interrogatories, attached hereto as Exhibit C.

2.      Any and all Liquid Assets owned by Grenada or by any Instrumentality of Grenada, located in or outside of Grenada, including, but not limited to, accounts listed in Appendices 1 and 2 of Grenada's Response to Ex-Im Bank Interrogatories, attached hereto as Exhibit C.

3.      Any and all Tangible Assets owned by Grenada or by any Instrumentality of Grenada, located in or outside of Grenada, including, but not limited to, those Tangible Assets listed in Grenada's Response to Ex-Im Bank Interrogatory Number 4, attached hereto as Exhibit C.

4.      Any entities, persons or States who owe a debt to Grenada, or an Instrumentality of Grenada, and documents concerning the owed debts, including, but not limited to, those debts listed in Appendix 3 of Grenada's Response to Ex-Im Bank Interrogatories, attached hereto as Exhibit C.

5.      Any Creditors of Grenada, or an Instrumentality of Grenada, including, but not limited to, those Creditors listed in Appendix 4 of Grenada's Response to Ex-Im Bank Interrogatories, attached hereto as Exhibit C.

6.      Any Foreign investments in Grenada, or in an Instrumentality of Grenada, by any entities, persons or States.

7.      The present disposition and location of the monies received by Grenada under the Loan Agreements.

8.      Foreign assistance that Grenada, or an Instrumentality of Grenada, receives from any Foreign entity (including any Foreign State, Nation, business, corporation, consortium or person), including, but not limited to, the grants paid into the Consolidated Revenue Fund listed in Grenada's Response to Ex-Im Bank Interrogatory Number 11, attached hereto as Exhibit C.

9.      Any commercial contract, agreement, or relationship with any Foreign entity (including any Foreign State, nation, business, corporation, consortium or person), concerning Grenada's tourism industry.

10.     Any contracts, agreements, or relationships between Grenada, or any Instrumentality of Grenada, and a Foreign entity (including any Foreign State, nation, business, corporation, consortium or person), by which such Foreign entity invests in any way in Grenada, or in an Instrumentality of Grenada, including, but not limited to, Contractors International Company S.A.L. listed in Grenada's Response to Ex-Im Bank Interrogatory Number 15, attached hereto as Exhibit C.

11.     Any investment projects in Grenada by Peter de Savary, Cinnamon 88, Levera Development Ltd., Terra LLC, International Design Consultants, The Morganti Group, Grace's Distinctive Properties, Consolidated Contractors Company, and/or Consolidated Contractors International S.A.L., including, but not limited to, Mount Cinnamon, Levera Resort, Port Louis Project, or the Cinnamon 88 investment project.

12.     Any relationships, contracts, or other agreements between Grenada or any Instrumentality of Grenada and Peter de Savary, Cinnamon 88, Levera Development Ltd., Terra

LLC, International Design Consultants, The Morganti Group, Grace's Distinctive Properties, Consolidated Contractors Company, and/or Consolidated Contractors International S.A.L.

13.    Any and all transfers of funds that have taken place under any contract, agreement, or relationship with Grenada, as well as any bank or financial institution that participated in the transfer of the funds.

14.    Any and all transfers of funds intended to take place within the next five (5) years under any contract, agreement, or relationship with Grenada, as well as any bank or financial institution that will participate in the transfer of funds.

Exhibit B

Paul E. Summit (PS 6263)
Andrew T. Solomon (AS 9200)
Emily A. Samuels (ES 0302)
SULLIVAN & WORCESTER LLP
1290 Avenue of the Americas, 29th Floor
New York, NY 10104
(212) 660-3000

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

THE EXPORT-IMPORT BANK OF
THE REPUBLIC OF CHINA,

                Plaintiff,

         -against-

GRENADA,

                Defendant.
-------------------------------------------------------------X

06 CV 2469 (HB) (AJP)

**PLAINTIFF'S FIRST SET OF
POST-JUDGMENT
INTERROGATORIES
TO DEFENDANT**

      Pursuant to Rules 33 and 69(a) of the Federal Rules of Civil Procedure, Plaintiff, The

Export-Import Bank of the Republic of China ("Ex-Im Bank"), by its attorneys, Sullivan &

Worcester LLP, hereby requests that Defendant, Grenada ("Grenada") answer separately and

under oath each of the following interrogatories within the time allowed by law.

DEFINITIONS

      1.    "Ex-Im Bank" refers to plaintiff, a banking institution organized and existing

under the laws of the Republic of China and does not refer to the country of the "Republic of

China"("Taiwan"), which is a separate legal entity.

      2.    "Grenada" refers to defendant, the foreign state of Grenada.

{N0094801;3}

3.  "Liquid Asset" as used herein refers to any cash or currency in any national denomination, any claim for receipt of money, any contract claim or chose in action, any interest in a commercial venture, or any stocks, bonds, letters of credit, or any other financial property.

4.  "Tangible Asset" as used herein refers to any tangible property, including but not limited to real property, hotels or resorts, offices, buildings, dwelling places, houses, apartments, condominiums, vehicles, valuable jewelry, paintings, or any works of art.

5.  "Instrumentality" as used herein refers to any agency, administrative agency, government-owned corporation or any subsidiary of such corporation and government-controlled corporation or any subsidiary of such corporation.

6.  "Foreign" refers to any entity that does not reside in Grenada, or in the case of a business or corporation, is not incorporated in Grenada.

7.  "State" refers to any sovereign nation.

8.  "Commercial activity" means any activity engaged in for the purposes of commerce, including continuous commercial activity or a single commercial transaction or act.

9.  "Creditor" refers to all individuals, foreign states and/or other entities to whom Grenada is in default in any obligation.

10. "Debtor" refers to all individuals, foreign states and/or other entities who owe a debt to Grenada.

11. "First Loan Agreement" refers to the first loan agreement between "Ex-Im Bank" and Grenada, Loan No. 6020216001 dated July 27, 1990, in the amount of U.S. $10,000,000.00.

12. "Second Loan Agreement" refers to the second loan agreement between the Ex-Im Bank and Grenada, Loan No. 6020216002 dated April 24, 1997, in the amount of U.S. $2,000,000.00.

2

{N0094801; 3}

13. "Third Loan Agreement" refers to the third loan agreement between the Ex-Im Bank and Grenada, Loan No. 6020216003 dated October 1, 1997, in the amount of U.S. $6,000,000.00.

14. "Fourth Loan Agreement" refers to the fourth loan agreement between the Ex-Im Bank and Grenada, Loan No. 6020216004 dated January 21, 2000, in the amount of U.S. $10,000,000.00.

15. The "Loan Agreements" refers collectively to the First Loan Agreement, the Second Loan Agreement, the Third Loan Agreement and the Fourth Loan Agreement.

## INSTRUCTIONS

1.     Ex-Im Bank incorporates by reference Rules 26.2 and 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, concerning the Assertion of Claim of Privilege and the Uniform Definitions in Discovery Requests.

2.     These interrogatories are continuing in nature so as to require Grenada to supplement its answers as required by Fed.R.Civ.P. 26(e).

3.     Unless otherwise specified, the applicable time period shall be from January 1, 1990 to the present.

4.     When asked to "describe the location" of an asset, including but not limited to an account at a financial institution, the description should include:

   a.   the name, address, and telephone number of the entity where the asset is located;

   b.   if the asset is located in a financial institution: an identification of the account, including the name of the account holder and the account number; and

   c.   the value of the asset as of a) the date these interrogatories are received by Grenada, and b) the date these interrogatories are answered by Grenada.

3

{N0094801; 3}

5.      When asked to "identify" a person, if that person is an individual, specify the person's:

    a.  full name;

    b.  last known business address;

    c.  last known residence address;

    d.  last known occupation or employer (or business affiliation);

    e.  last known title or position;

    f.  employer and position at the time relevant to the particular inquiry; and

    g.  a brief description of the duties and responsibilities of the person at the time relevant to the particular inquiry.

6.      These interrogatories do not seek the identification of any Liquid Assets, Tangible Assets, accounts or monies in any financial institution, debts owed to Grenada or an Instrumentality of Grenada, amounts owed by Grenada to Grenada's creditors, and foreign investments in Grenada, or an Instrumentality of Grenada, which are properly valued at less than $20,000.00.

4

INTERROGATORIES

1.      Identify and describe the location of any bank accounts maintained by Grenada or by any Instrumentality of Grenada, within or without Grenada, including, but not limited to, accounts at the Federal Reserve Bank and accounts at the Eastern Caribbean Central Bank.  For each account, set forth the following:

      a.   The name, address and telephone number of the bank or entity where the asset is located;

      b.   The name of the account holder;

      c.   The account number;

      d.   The value of the account as of the date these interrogatories are received by Grenada;

      e.   The value of the account as of the date these interrogatories are answered by Grenada;

      f.   A detailed description of the purpose for the funds in the account; and

      g.   A detailed description of the account's activity from January 1, 1990 to the present date.

{N0094801; 3}

2.    Identify and describe the location of any bank accounts that are not maintained by Grenada or by an Instrumentality of Grenada, but in which Grenada or any Instrumentality of Grenada has money deposited at this time, within or without Grenada.  For each account, set forth the following:

a.  The name, address and telephone number of the bank or entity where the asset is located;

b.  The name of the account holder;

c.  The account number;

d.  The value of the account as of the date these interrogatories are received by Grenada;

e.  The value of the account as of the date these interrogatories are answered by Grenada;

f.  A detailed description of the purpose for the funds in the account; and

g.  A detailed description of the account's activity from January 1, 1990 to the present date.

{N0094801; 3}

    3.      Identify and describe the location, ownership (including name and address), and purpose of any and all Liquid Assets owned by Grenada or by any Instrumentality of Grenada, located within or without Grenada.

    4.      Identify and describe the location, ownership (including name and address), and purpose of any and all Tangible Assets owned by Grenada or by any Instrumentality of Grenada, located within or without Grenada.

    5.      As to each Liquid and Tangible Asset identified in Interrogatories 3 and 4, identify all persons or entities with knowledge or information regarding the particular Liquid or Tangible Asset.

6.     Set forth, identify and describe any entities, persons or states, who owe a debt to Grenada, or an Instrumentality of Grenada.  For each Debtor, set forth the following:

    a.   The name, address and telephone number of each debtor;

    b.   The amounts owed;

    c.   The underlying reason for the debt;

    d.   Whether or not there is written evidence of this indebtedness, and if so, the location and custodian of the written indebtedness;

    e.   Whether there is any payment schedule that is in place, and if so, describe the schedule; and

    f.   Whether Grenada, or an Instrumentality of Grenada has commenced any litigation or enforcement proceedings concerning the amounts owed, and if so, describe the litigation or enforcement proceedings.

8

7.    Set forth, identify and describe any Creditors of Grenada or an Instrumentality of Grenada. For each Creditor, set forth the following

    a.    The name, address and telephone number of each Creditor;

    b.    The amounts owed;

    c.    The underlying reason for the obligation;

    d.    Whether or not there is written evidence of this indebtedness, and if so, the location and custodian of the written indebtedness;

    e.    Whether there is any payment schedule that is in place, and if so, describe the schedule; and

    f.    Whether any such Creditor has commenced any litigation or enforcement proceedings concerning the amounts owed, and if so, describe the litigation or enforcement proceeding.

{N0094801; 3}

8.    Describe in detail the present disposition and location of the monies received by Grenada under the Loan Agreements.

9.    Identify and describe each action that Grenada, or an Instrumentality of Grenada, has undertaken since judgment was entered in this case to commence repaying Grenada's obligations under the Loan Agreements.

10.    Identify every Grenadian official who resides, temporarily or permanently, within the United States.

{N0094801; 3}

11.   Identify and describe all Foreign assistance that Grenada, or an Instrumentality of Grenada, receives from any Foreign entity (including any foreign nation, business, corporation, consortium, or person).

12.   Identify and describe any commercial contract, agreement or relationship with any Foreign entity (including any foreign nation, business, corporation, consortium, or person), concerning Grenada's exportation of agricultural goods, including but not limited to, spice exports, banana exports, cacao and coconuts.  For each commercial contract, agreement or relationship, identify the following:

    a.   The date of execution of any contract or agreement, or of initiation of the relationship and the current status of the contract, agreement, or relationship;

    b.   The location and custodian of a copy of any contract or agreement;

    c.   A description of the terms of any contract, including, but not limited to, the obligations and liabilities of the Foreign entity to Grenada or an Instrumentality of Grenada, including any payment or royalty obligations to Grenada or an Instrumentality of Grenada;

    d.   A description of any and all transfers of funds that have taken place under any contract, agreement, or relationship, including an identification of any bank or financial institution that participated in the transfer of the funds;

11

e.  A description of any and all transfers of funds intended to take place within the next five years, including an identification of the name and location of any bank or financial institution that will participate in the transfer of the funds; and

f.  A description of the ownership or interest, if any, of Grenada or an Instrumentality of Granada in the Foreign entity.

12

13.    Identify and describe any commercial contract, agreement or relationship with any Foreign entity (including any foreign nation, business, corporation, consortium, or person), concerning Grenada's tourism industry.  For each commercial contract, agreement or relationship, identify the following:

    a.   The date of execution of any contract or agreement, or of initiation of the relationship and the current status of the contract, agreement, or relationship;

    b.   The location and custodian of a copy of any contract or agreement;

    c.   A description of the terms of any contract, including, but not limited to, the obligations and liabilities of the Foreign entity to Grenada or an Instrumentality of Grenada, including any payment or royalty obligations to Grenada or an Instrumentality of Grenada;

    d.   A description of any and all transfers of funds that have taken place under any contract, agreement, or relationship, including an identification of any bank or financial institution that participated in the transfer of the funds;

    e.   A description of any and all transfers of funds intended to take place within the next five years, including an identification of the name and location of any bank or financial institution that will participate in the transfer of the funds; and

    f.   A description of the ownership or interest, if any, of Grenada or an Instrumentality of Granada in the Foreign entity.

13

14.    Identify and describe Peter de Savary's investment projects in Grenada, including, but not limited to, the Port Louis project and Mount Cinnamon.  For each project, identify:

    a.    The name of the project;

    b.    The purpose of the project;

    c.    The location and custodian of a copy of any contract or agreement;

    d.    A description of the terms of any contract, including, but not limited to, Peter de Savary's obligations and liabilities to Grenada or an Instrumentality of Grenada, including any payment or royalty obligations to Grenada or an Instrumentality of Grenada;

    e.    A description of any and all transfers of funds that have taken place under any contract, agreement, or relationship, including an identification of any bank or financial institution that participated in the transfer of the funds;

    f.    A description of any and all transfers of funds intended to take place within the next five years, including an identification of the name and location of any bank or financial institution that will participate in the transfer of the funds;

    g.    A description of the ownership or interest, if any, of Grenada or an Instrumentality of Granada in the project; and

14

    h.  Any other persons, entities or states that either have invested in the project or have promised to invest in the project.

15.    Identify and describe any contract, agreement, or relationship between Grenada or any Instrumentality of Grenada and a Foreign entity (including any foreign nation, business, corporation, consortium, or person), other than those described in Interrogatory Number 14, by which such Foreign entity invests in any way in Grenada, or an Instrumentality of Grenada. Include in such description:

    a.  The name and location of the Foreign entity;

{N0094801; 3}

b.  The date of execution of any contract or agreement, or of initiation of the relationship and the current status of the contract, agreement, or relationship;

c.  The location and custodian of a copy of any contract or agreement;

d.  A description of the terms of any contract, including, but not limited to, the obligations and liabilities of the Foreign entity to Grenada or an Instrumentality of Grenada, including any payment or royalty obligations to Grenada or an Instrumentality of Grenada;

e.  A description of any and all transfers of funds that have taken place under any contract, agreement, or relationship, including an identification of any bank or financial institution that participated in the transfer of the funds;

f.  A description of any and all transfers of funds intended to take place within the next five years, including an identification of the name and location of any bank or financial institution that will participate in the transfer of the funds; and

g.  A description of the ownership or interest, if any, of Grenada or an Instrumentality of Granada in the Foreign entity.

16

16.     Identify the five persons most knowledgeable about Grenada or an Instrumentality of Grenada's Liquid Assets, Tangible Assets, accounts or monies in any financial institution, monies, debts owed to Grenada, or an Instrumentality of Grenada, Grenada's creditors, and foreign investments in Grenada or in an Instrumentality of Grenada.

17.     Identify and describe any books or records maintained by Grenada, or an Instrumentality of Grenada, that concern Grenada or an Instrumentality of Grenada's Liquid Assets, Tangible Assets, accounts or monies in any financial institution, monies, debts owed to Grenada, or an Instrumentality of Grenada, Grenada's creditors, and foreign investments in Grenada or in an Instrumentality of Grenada.

18.     Identify the names and titles, if any, of all individuals who participated or assisted in preparing these interrogatories, or who prepared or supplied any information, indicating in the case of each such individual the interrogatory number which he prepared or for which he supplied any information or answer.

{N0094801; 3}

Dated: New York, New York
      October 3, 2007

                SULLIVAN & WORCESTER LLP

By: _____
                Paul E. Summit (PS 6263)
                Andrew T. Solomon (AS 9200)
                Emily A. Samuels (ES 0302)
                1290 Avenue of the Americas
                New York, NY 10104
                T. 212.660.3000
                F. 212.660.3001

                *Attorneys for Plaintiff*

{N0094801; 3}

Exhibit C

Brian E. Maas (BM-4501)
Lia N. Brooks (LB-0618)
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Avenue
New York, New York 10022
Tel.: (212) 980-0120
Fax: (212) 593-9175
bmaas@fkks.com
lbrooks@fkks.com

*Attorneys for Defendant Grenada*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
THE EXPORT-IMPORT BANK OF THE                      :
REPUBLIC OF CHINA,                                 :
                                                   :   06 Civ. 2469 (HB) (AJP)
                          Plaintiff,               :
                                                   :   **DEFENDANT'S RESPONSE TO**
                 -against-                          :   **PLAINTIFF'S FIRST SET OF POST-**
                                                   :   **JUDGMENT INTERROGATORIES**
GRENADA,                                            :
                                                   :
                          Defendant.               :
--------------------------------------------------------X

     Defendant Grenada ("Grenada" or "Defendant"), by its attorneys, Frankfurt Kurnit Klein

& Selz P.C., submits the following as its responses and objections to Plaintiff The Export-Import

Bank of the Republic of China's ("Ex-Im Bank" or "Plaintiff") First Set of Post-Judgment

Interrogatories to Defendant dated October 3, 2007 (the "Requests").

<u>GENERAL OBJECTIONS</u>

     1.    The following General Objections apply to and are incorporated in each

individual response herein, whether or not expressly incorporated by reference in such response:

     2.    Grenada responds to each Request subject to the accompanying objections,

without waiving and expressly reserving all such objections.  Grenada also submits these

responses subject to, without intending to waive, and expressly reserving: (a) any objections as to

relevancy, materiality, privilege, and admissibility in the above-captioned litigation, or any other action, of any information supplied in response to the Requests; and (b) the right to object to other discovery procedures involving or relating to the subject matter of the information supplied in response to the Requests.  Grenada's responses and objections to the Requests are not intended to be and shall not be deemed an admission of the matters stated, implied or assumed by any or all of the Requests.

3.       Grenada objects to each Request to the extent that it purports to impose discovery obligations beyond those required by the Federal Rules of Civil Procedure and the Local Rules.

4.       Grenada objects to each Request to the extent that it seeks communications protected by the attorney-client privilege or documents protected by the work product doctrine, including, but not limited to, communications between Grenada and its counsel or documents or information that report, reflect, summarize or relate specifically to such communications, and documents prepared in anticipation of litigation by or on behalf of Grenada or its counsel. Grenada does not intend to waive any such objections by the production of any of the foregoing information, and to the extent any privileged communications are inadvertently produced, they may not be used for any purpose and should be immediately returned.

5.       Grenada objects to each Request to the extent that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to the claims or defenses in this action.

6.       Grenada objects to each Request to the extent that it seeks information that is already in the possession of, or equally available to, Plaintiff.

7.       Grenada objects to each Request to the extent that it seeks information outside Grenada's possession, custody or control.

8.       Grenada objects to each Request to the extent that it is duplicative of documents already produced in this action.

9.    Grenada objects to each Request to the extent that it calls for a legal conclusion.

10.    Grenada objects to each Request to the extent that it contains subparts, or is a compound, conjunctive or disjunctive question.

11.    Grenada's review of its files and documents is continuing and therefore Grenada reserve the right to produce additional information and to assert additional objections.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1:**    Identify and describe the location of any bank accounts maintained by Grenada or by any Instrumentality of Grenada, within or without Grenada, including, but not limited to, accounts at the Federal Reserve Bank and accounts at the Eastern Caribbean Central Bank.  For each accounts, set forth the following:

   a.    The name, address and telephone number of the bank or entity where the asset is located;

   b.    The name of the account holder;

   c.    The account number;

   d.    The value of the account as of the date these interrogatories are received by Grenada;

   e.    The value of the account as of the date these interrogatories are answered by Grenada;

   f.    A detailed description of the purpose for the funds in the account; and

   g.    A detailed description of the account's activity from January 1, 1990 to the present date.

   **RESPONSE:**  Please see Appendix 1.

**INTERROGATORY NO. 2:**    Identify and describe the location of any bank accounts that are not maintained by Grenada or by an Instrumentality of Grenada, but in which Grenada or any Instrumentality of Grenada has money deposited at this time, within or without Grenada.  For each account, set forth the following:

   a.    The name, address and telephone number of the bank or entity where the asset is located;

   b.    The name of the account holder;

    c.     The account number;

    d.     The value of the account as of the date these interrogatories are received by Grenada;

    e.     The value of the account as of the date these interrogatories are answered by Grenada;

    f.     A detailed description of the purpose for the funds in the account; and

    g.     A detailed description of the account's activity from January 1, 1990 to the present date.

**RESPONSE:**   Grenada is not aware of any such accounts.

**INTERROGATORY NO. 3:**   Identify and describe the location, ownership (including name and address), and purpose of any and all Liquid Assets owned by Grenada or by any Instrumentality of Grenada, located within or without Grenada.

**RESPONSE:**   Please see Appendices 1 and 2.

**INTERROGATORY NO. 4:**   Identify and describe the location, ownership (including name and address), and purpose of any and all Tangible Assets owned by Grenada or by any Instrumentality of Grenada, located within or without Grenada.

**RESPONSE:**   Within Grenada, Grenada owns tangible assets such as roads, bridges, school buildings and office buildings. The Government of Grenada also owns the official vehicles used in the Grenadian embassies throughout the world. The Government also owns a building located at 1701 New Hampshire Avenue, Washington, D.C. The building houses Grenada's diplomatic mission to the Organization of American States and the United States.

**INTERROGATORY NO. 5:**   As to each Liquid and Tangible Asset identified and Interrogatories 3 and 4, identify all persons or entities with knowledge or information regarding the particular Liquid or Tangible Asset.

**RESPONSE:**   Mrs. Patricia Antoine-Clyne, Accountant-General of Grenada; Mr. Anselm Joseph, Director of Audit.

**INTERROGATORY NO. 6:**   Set forth, identify and describe any entities, persons or states, who owe a debt to Grenada, or an Instrumentality of Grenada. For each Debtor, set forth the following:

    a.     The name, address and telephone number of each debtor;

b.    The amount owed;

c.    The underlying reason for the debt;

d.    Whether or not there is written evidence of his indebtedness, and if so, the location and custodian of the written indebtedness;

e.    Whether there is any payment schedule that is in the place, and if so, describe the schedule; and

f.    Whether Grenada, or an Instrumentality of Grenada has commenced any litigation or enforcement proceedings concerning the amounts owed, and if so, describe the litigation or enforcement proceedings.

**RESPONSE:**    Please see Appendix 3, which shows the net amount of advances owed to Grenada by other sovereign nations.  Appendix 3 also provides information on amounts owed to Grenada from the sale of land to developers of tourism-related projects.  This money has not yet been paid to Grenada due to the impact of the global economic and financial crisis on capital markets.

**INTERROGATORY NO. 7:**    Set forth, identify and describe any creditors of Grenada or an Instrumentality of Grenada.  For each Creditor, set forth the following

a.    The name, address and telephone number of each Creditor;

b.    The amounts owed;

c.    The underlying reason for the obligation;

d.    Whether or not there is written evidence of this indebtedness, and if so, the location and custodian of the written indebtedness;

e.    Whether there is any payment schedule that is in place, and if so, describe the schedule; and

f.    Whether any such Creditor has commenced any litigation or enforcement proceedings concerning the amounts owed, and if so, describe the litigation or enforcement proceeding.

**RESPONSE:**    See Appendix 4 -- Table Showing Creditors of Grenada which covers items (a) to (e).

With respect to item f, no creditor, with the exception of the Export-Import Bank of the

Republic of China, has commenced any litigation or enforcement proceedings concerning amounts owed to them by the Government of Grenada.

**INTERROGATORY NO. 8:**   Describe in detail the present disposition and location of the monies received by Grenada under the Loan Agreements.

   **RESPONSE:**   Grenada receives loans from local, regional and international creditors for development purposes as well as to meet short term liquidity requirements. Generally, these monies are disbursed in accordance with the procedures and guidelines of the particular lending/creditor agency. Largely, the funds are disbursed directly to the contractors in relation to works completed. In some cases, disbursements usually take the form of reimbursements to Grenada for local funds spent on particular project components.

**INTERROGATORY NO. 9:**   Identify and describe each action that Grenada, or an Instrumentality of Grenada, has undertaken since judgment was entered in this case to commence repaying Grenada's obligations under the Loan Agreements.

   **RESPONSE:**   None.

**INTERROGATORY NO. 10:**   Identify every Grenadian Official who resides, temporarily or permanently, within the United States.

   **RESPONSE:**   Grenada objects to this Request on the ground that it is irrelevant.

**INTERROGATORY NO. 11:**   Identify and describe all Foreign assistance that Grenada, or an Instrumentality of Grenada, receives from any foreign entity (including any foreign nation, business, Corporation, consortium, or person).

   **RESPONSE:**   Grenada receives foreign assistance in largely two forms:

(a)    Grants (financial and goods) from friendly governments for development purposes. Usually, these are paid directly into the Consolidated Revenue Fund (CRF). These funds are normally tied to specific project or programmes for which the Grenada has to report on the use of the funds; and

(b)    Technical Assistance – The Government usually receive technical assistance in the form of training and consultancies, among other things, that are aimed at institutional strengthening.

**INTERROGATORY NO. 12:**   Identify and describe any commercial contract, agreement or relationship with any Foreign entity (including any foreign nation, business, corporation,

consortium, or person), concerning Grenada's exportation of agricultural goods, including but not limited to, spice exports, banana exports, cacao and coconuts. For each commercial contract, agreement or relationship, identify the following:

    a.    The date of execution of any contract or agreement, or of initiation of the relationship and the current status of the contract, agreement, or relationship;

    b.    The location and custodian of a copy of any contract or agreement;

    c.    A description of the terms of any contract, including, but not limited to, the obligations and liabilities of the Foreign entity to Grenada or an Instrumentality of Grenada, including any payment or royalty obligations to Grenada or an Instrumentality of Grenada.

    d.    A description of any and all transfers of funds that have taken place under any contract, agreement, or relationship, including an identification of any bank or financial institution that participated in the transfer of the funds;

    e.    A description of any and all transfers of funds intended to take place within the next five (5) years, including an identification of the name and location of any bank or financial institution that will participate in the transfer of the funds; and

    f.    A description of the ownership or interest, if any, of Grenada or an Instrumentality of Grenada in the Foreign entity.

**RESPONSE:** At this time, Grenada does not believe that any such contract exists.

**INTERROGATORY NO. 13:** Identify and describe any commercial contract, agreement or relationship with any foreign entity (including any foreign nation, business, corporation, consortium, or person), concerning Grenada's tourism industry. For each commercial contract, agreement or relationship, identify the following:

    a.    The date of execution of any contract or agreement, or of initiation of the relationship and the current status of the contract, agreement, or relationship;

    b.    The location and custodian of a copy of any contract or agreement;

    c.    A description of the terms of any contract, including, but not limited to, the obligations and liabilities of the foreign entity to Grenada or an Instrumentality of Grenada, including any payment or royalty obligations to Grenada or an Instrumentality of Grenada;

    d.    A description of any and all transfers of funds that have taken place under any contract, agreement, or relationship, including an identification of any bank or financial institution that participated in the transfer of the funds;

e.  A description of any and all transfers of funds intended to take place within the next five (5) years, including an identification of the name and location of any bank or financial institution that will participate in the transfer of the funds; and

f.  A description of the ownership or interest, if any, of Grenada or an Instrumentality of Grenada in the foreign entity.

**RESPONSE:**  No such contracts exist.

**INTERROGATORY NO. 14:**  Identify and describe Peter de Savary's investment projects in Grenada, including, but not limited to, the Port Louis Project and Mount Cinnamon.  For each project, identify:

a.  The name of the Project;

b.  The purpose of the Project;

c.  The location and custodian of a copy of any contract or agreement;

d.  A description of the terms of any contract, including, but not limited to, Peter de Savary's obligations and liabilities to Grenada or an Instrumentality of Grenada, including any payment or royalty obligations to Grenada or an Instrumentality of Grenada;

e.  A description of any and all transfers of funds that have taken place under any contract, agreement, or relationship including an identification of any bank or financial institution that participated in the transfer of the funds;

f.  A description of any and all transfers of funds intended to take place within the next (5) years, including an identification of the name and location of any bank or financial institution that will participate in the transfer of the funds;

g.  A description of the ownership or interest, if any, of Grenada or an Instrumentality of Grenada in the project; and

h.  Any other persons, entities or states that either have invested in the project or have promised to invest in the project.

**RESPONSE:**  Grenada objects to this request on the ground that it seeks information that is not within Grenada's custody or control.  Mr. Peter de Savory is a private investor in Grenada, particularly within the tourism industry.  Grenada has granted Mr. de Savory certain incentives, particularly, waiver of duties and taxes on the basis of the economic benefits (income generation, foreign exchange and employment) that such projects can bring to the Country.

**INTERROGATORY NO. 15:**  Identify and describe any contract, agreement, or relationship between Grenada or any Instrumentality of Grenada and a Foreign entity (including any foreign nation, business, corporation, consortium, or person), other than those described in Interrogatory Number 14, by which such foreign entity invests in any way in Grenada.  Include in such description:

    a.    The name and location of the foreign entity;

    b.    The date of execution of any contract or agreement, or of initiation of the relationship and the current status of the contract, agreement, or relationship;

    c.    The location and custodian of a copy of any contract or agreement;

    d.    A description of the terms of any contract, including, but not limited to, the obligations and liabilities of the foreign entity to Grenada or an Instrumentality of Grenada, including any payment or royalty obligations to Grenada or an Instrumentality of Grenada;

    e.    A description of any and all transfers of funds that have taken place under any contract, agreement, or relationship, including an identification of any bank or financial institution that participated in the transfer of the funds;

    f.    A description of any and all transfers of funds intended to take place within the next five (5) years, including an identification of the name and location of any bank or financial institution that will participate in the transfer of the funds; and

    g.    A description of the ownership or interest, if any, of Grenada or an Instrumentality of Grenada in the Foreign entity.

**RESPONSE:**  One such contract has been identified between Grenada and Consolidated Contractors International Company S.A.L.  Grenada does not have any ownership interest in this company.

    a.    Consolidated Contractors International Company S.A.L., a company incorporated in Lebanon and registered in Grenada as a foreign company.

    b.    Contract was executed on August 31, 2006.

    c.    Copies are located at the Ministry of Legal Affairs and Ministry of Communications, Works and Public Utilities.

    d.    (i) By the said contract the Government of Grenada demised all quarries strata seams and beds of basalt to be obtained by quarrying or excavation and not by underground workings, within or under the lands forming part of the Mt. Hartman Site and the Perseverance Site;

(ii) The said premises to be held by the Contractor for a term of three years from the date of the Agreement;

(iii) The Contractor agreed to maintain the equipment specified with a view to securing the production of 70,000 tons per year of crushed stones and 12, 000 tons per year of hot-mix asphalt;

(iv) The Contractor undertook to invest during the validity period of the Agreement up to 1. 5 million Eastern Caribbean Dollars provided that production targets were met;

(v) With reference to the "Expired Agreement" (an agreement dated November 5, 2002), it was agreed that the Government's requirement of an investment of EC $2,000,000 by the Contractor be waived against an equivalent amount of the payments owed to the Contractor by the Government in respect of the constructions claims.

(vi) Contractor agreed to:

- Perform the quarrying operation at the premises;

- To supply material needed for all government funded projects, the Kuwaiti project and all projects generally in Grenada;

- To pay operating expenses;

- To be responsible for the claims of all third parties and others arising from the operation of the facility;

- To take reasonable steps to prevent damage to adjoining land;

- To take all practicable steps to ensure no pollution of any watercourse;

- To work the quarry in an efficient manner;

- To keep all buildings, engines, fixed plant structures and machinery, roads and watercourses in good and substantial repair;

- To alert government to the discovery of ancient relics or archaeological specimens;

- To not assign any part of the demised premises;

- To insure the demised premises;

- To deliver up the premises in good and substantial repair.

(vi) Government agreed to:

- Quiet possession of premises;

- To pay to Contractor amounts for material specified in contractors invoice.

(viii) Contractor agreed to a maximum selling price of type of material as follows:

- Hot Mix Asphaltic concrete - $350;

- 40 mm Minus Base Course - $81.20;

- 20 mm Minus Crushed Aggregates - $74;

- 6 mm Minus Crushed Aggregates - $90;

- Armour Stone less than 1 ton - $65;

- Armour Stone between 1 to 6 ton - $78.

(ix) Contract to be governed by the laws of Grenada.

**INTERROGATORY NO. 16:** Identify the five (5) persons most knowledgeable about Grenada or an Instrumentality of Grenada's Liquid Assets, Tangible Assets, accounts or monies in any financial institution, monies, debts owed to Grenada, or an Instrumentality of Grenada, Grenada's creditors and foreign investments in Grenada or in an Instrumentality of Grenada.

**RESPONSE:** The Accountant General's Office keeps records of all government's receipts and expenditure. This Office is headed by the Accountant General who is the chief accounting officer. The Audit Department headed by the Director of Audit, is responsible for the audit of the statements and accounts of the Government. Please also see Grenada's Response to Interrogatory No. 5.

**INTERROGATORY NO. 17:** Identify and describe any books or records maintained by Grenada, or an Instrumentality of Grenada, that concerns Grenada or an Instrumentality of Grenada's Liquid Assets, Tangible Assets, accounts or monies in any financial Institution, monies, debts owed to Grenada, or an Instrumentality of Grenada, Grenada's creditors, and foreign investments in Grenada or an Instrumentality Grenada.

**RESPONSE:** All Public Sector bodies are required to prepare financial statements. These statements are audited by external auditors and submitted to the Parliament of Grenada.

the highest decision making body in the Country.

**INTERROGATORY NO. 18:**   Identify the names and titles, if any, of all individuals who participated or assisted in preparing these interrogatories, or who prepared or supplied any information, indicating in the case of each such individual the interrogatory number which he prepared or for which he supplied any information or answer.

      **RESPONSE:**   The Deputy Permanent Secretary, Ministry of Finance coordinated the

process in responding to the interrogatories.  Assistance was provided by the Attorney General's

Office. The following offices were asked to submit the information as detailed below:

      a.      Interrogatories 1–2, 6 & 8 - Accountant General's Department;

      b.      Interrogatories 3–5 - Accountant General's Department & Audit Department;

      c.      Interrogatories 7 - Debt Management Unit, Ministry of Finance;

      d.      Interrogatories 9, 16-18 - Permanent Secretary's Office, Ministry of Finance;

      e.      Interrogatories 10–11 - Permanent Secretary's Office, Ministry of Foreign Affairs;

      f.      Interrogatories 12–15 - Accountant General's Department & Permanent Secretary's Office, Ministry of Finance.

Dated: New York, New York
      September 4, 2009

                 FRANKFURT KURNIT KLEIN & SELZ, P.C.

                 By:_____
                     Brian E. Maas (BM-4501)
                     Lia N. Brooks (LB-0618)

                 488 Madison Avenue, 10th Floor
                 New York, New York 10022
                 Tel.: (212) 980-0120
                 Fax: (212) 593-9175
                 bmaas@fkks.com
                 lbrooks@fkks.com

                 *Attorneys for Defendant Grenada*

TO:    Paul E. Summit, Esq.
       Andrew T. Solomon, Esq.
       Emily A. Samuels, Esq.
       SULLIVAN & WORCESTER LLP
       1290 Avenue of the Americas
       New York, New York 10104
       *Attorneys for Plaintiff The Export-Import Bank*
       *of the Republic of China*