Brian E. Maas
Lia N. Brooks
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Avenue
New York, New York 10022
Tel.: (212) 980-0120
Fax: (212) 593-9175
bmaas@fkks.com
lbrooks@fkks.com
*Attorneys for Defendant Grenada*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
THE EXPORT-IMPORT BANK OF THE  :
REPUBLIC OF CHINA,             :
                               :   06 Civ. 2469 (HB) (AJP)
                Plaintiff,     :
                               :   **DECLARATION OF**
        -against-              :   **ROHAN A. PHILLIP**
                               :
GRENADA,                       :
                               :
                Defendant.     :
------------------------------------------------------X

Rohan A. Phillip hereby declares as follows:

1. I am the Attorney General of Grenada. I was appointed the Attorney General of Grenada on July 28, 2009 after the resignation of the previous Attorney-General, James Bristol. I had previously been the Solicitor General of Grenada. I submit this Declaration as part of Grenada's submission in Opposition to the Motion for Sanctions and Contempt brought by plaintiff judgment creditor Export-Import Bank of Republic of China ("Ex-Im Bank"). Specifically, I am submitting this Declaration to advise this Court of the current legal status of the Cinnamon 88 and Levera development projects as to which Ex-Im Bank is seeking additional information in order to execute on its judgment in this matter.

2. The Cinnamon 88 and Levera "assets", which were listed in the Interrogatories as "Real Estate Divestments" without other clarification, are actually worthless because neither the

Cinnamon 88 or the Levera developers have raised any financing to continue the projects and both projects have been inactive for years. Thus, although it is technically true that that the Cinnamon 88 developer and the Levera developer owe Grenada approximately $15 million and $4.4 million, respectively, for the land that was given to the developers (or their failed predecessors) for the projects, Grenada does not expect to be paid any of this money. In addition, as will be further explained below, even if Grenada were to be able to collect on these obligations, all of the Levera funds and most of the Cinnamon 88 funds that are due to Grenada under the current agreements are substantially encumbered by constitutionally-mandated obligations that the Grenadian government owes to the landowners from whom the land for the projects was initially taken.

3.  As to the project referred to as "Cinnamon 88," the summary attached to the March 12, 2010 letter from Grenada's counsel accurately describes both the history of the project as well as the fact that the private company that is the developer of this project has failed to meet any of its obligations under its agreement with the Government of Grenada ("Government"). In fact, the Government has invoked the default provisions under the agreement based upon the developer's failure to make interest payments on the debt it owes for the land that was sold to its predecessor and the failure to take other actions required under the development agreement.

4.  As a consequence of the developer's failure to cure these defaults, Grenada has asserted its right to reclaim the property currently owned by the developer. However, Grenada's primary interest is the success of the project and it will work with any developer, including the current developer, that can make the necessary financial commitment. Thus, the Government continues to deal with the current developer while looking for another developer to come forward to take over the project. Should a new developer be able to take over the project,

Grenada has the legal right to reclaim the land and enter into a new agreement with the new developer. At that point, the obligation of the current developer to Grenada would be cancelled.

5. Even if the current developer were to raise the funds necessary to complete the project, the payments due to Grenada for the land have two encumbrances that are superior to any claim to the funds that Ex-Im Bank may have as a result of its judgment. First, as stated in Mr. Maas' March 12 letter, the lands comprising what is now referred to as the Cinnamon 88 project were obtained by compulsory acquisition by the Government from the Theodore family and the Government still owes the family nearly $1.85 million plus interest for compensation for the acquisition. Under the Grenadian Constitution, the Government is obligated to make prompt payment of these funds. The Constitutional obligation creates a priority claim by the former property owners against any funds due to Grenada.

6. Second, as stated in Mr. Maas' letter, a predecessor-in-interest to the current developer defaulted on a $7,500,000 obligation to Fortis Bank that had been guaranteed by the Government of Grenada. The obligation on this guarantee was paid by Grenada and the Government has the right to recoup those funds from any future payments received form the Cinnamon 88 developers, if ever.

7. Finally, the agreement between Grenada and the current Cinnamon 88 developer contains a provision that states as follows:

> The terms and provisions of this **CONTRACT** as well as the terms and details of all past and future correspondence and negotiations related to it, shall be treated by the **PARTIES** as strictly confidential, save a **PARTY** has to reveal such information by law, or mutual agreement.

Given this provision and the importance to Grenada of maintaining a constructive relationship with the Cinnamon 88 developer, Grenada is unwilling to violate this confidentiality provisions by providing any of the information about the developer or the contract beyond what has already

been provided. The developer is in default, and the asset listed on the Interrogatory Response no longer has any value. It is the belief of the Grenadian government that neither this developer nor any prospective developer will move forward with this project if it does not feel that it can rely upon the Government's promise of confidentiality. Under these circumstances, it is Grenada's hope that this Court will determine that Grenada has made a good faith effort to comply with its obligation to provide information about the Cinnamon 88 project.

8.    As Mr. Maas' March 12 letter set out, the development project known as Levera Development Ltd. has a similarly problematic history and is also inactive. The original developer defaulted on its initial loan that had been guaranteed by the Government and Grenada paid $8.2 million on that obligation. As with the Cinnamon 88 project, the land for the Levera project was compulsorily acquired form property owners and the compensation for that land has not yet been determined. Moreover, the current developer paid the previous government more than $3,000,000 for additional land without the previous government compensating the landowners. Thus, the Government still has that obligation and will be constitutionally obligated to pay the landowners should the Levera developer make any payments to the Government.

9.    As with the Cinnamon 88 developers, the Levera developers have not been able to obtain financing for the project. I have been advised that one of the primary obstacles to anyone committing resources to this project is that the developer is obligated to pay the Government the $4.4 million still owed for the land directly from any loan or investor funds, thereby increasing the amount of money needed for the project. Under these circumstances, the Government is in negotiations with the developers to restructure its contract from a debt arrangement to one where the Government will take an equity position of some sort in the project.

10.   These negotiations are ongoing and Grenada is concerned that if it provides information about the developer to Ex-Im Bank, enforcement steps will be taken that will either

4

undermine the negotiations to restructure the arrangement or will cause the developer to decide not to go forward with the project. Given the importance of development projects like Levera to the Grenadian economy, the Government cannot risk that result by providing the requested background information about the developer or impact negatively the willingness of the developer to continue to try to raise funds for this project.

11. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: St. George's, Grenada
September 22nd, 2010

_____
Rohan A. Phillip

### TO ALL TO WHOM THESE PRESENTS SHALL COME

**DULY ACKNOWLEDGED** before me Lisa Telesford Registrar of the Supreme Court by the said **ROHAN A. PHILLIP** as and for his free and voluntary act and deed I having previously satisfied myself that the said **ROHAN A. PHILLIP** fully understood the nature and effect thereof.

Dated this 23rd day of SEPTEMBER, 2010

_____
REGISTRAR
AND AS SUCH
NOTARY PUBLIC
IN AND FOR GRENADA
Registrar,
Supreme Court

5