UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THE EXPORT-IMPORT BANK OF THE          :
REPUBLIC OF CHINA,                     :
                                       :   06 Civ. 2469 (HB) (AJP)
          Plaintiff,                    :
                                       :
    -against-                        :
                                       :
GRENADA,                               :
                                       :
          Defendant.                    :
-----------------------------------------------------------X


## DEFENDANT GRENADA'S SUPPLEMENTAL
## MEMORANDUM OF LAW IN OPPOSITION TO THE
## <u>MOTION FOR A FINDING OF CONTEMPT</u>

Brian E. Maas
Lia N. Brooks
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Avenue
New York, New York 10022
Tel.:  (212) 980-0120
Fax:  (212) 593-9175
bmaas@fkks.com
lbrooks@fkks.com

*Attorneys for Defendant Grenada/Judgment Debtor*

This memorandum is submitted on behalf of Grenada in response to the Court's request for supplemental briefing on the issue of whether this Court has the power to impose contempt sanctions on Grenada in this case. As Grenada argued in its papers opposing Taiwan's motion for sanctions, application of the *United Mine Workers* factors precludes imposition of contempt sanctions both because Grenada substantially complied with the Court's March 1, 2010 order by providing Taiwan with sufficient information about the development projects at issue to make clear that both projects are inactive and insolvent,[1] and because it is unlikely that sanctions will cause Grenada's cabinet to modify its decision to keep confidential the additional information requested by Taiwan given the risks to the Grenadian economy posed by disclosure.[2]

Grenada's opposition papers also contended that the deference to the Grenadian government's determination of its domestic policy compelled by principles of comity also precludes the imposition of contempt sanctions against Grenada. As explained below, the Restatement (Third) of the Foreign Relations Law of the United States ("Third Restatement"), directs that absent bad faith or deliberate concealment of information, contempt sanctions should not be imposed on a party that is prohibited from providing discovery by foreign law or authority. Moreover, both the Restatement (Second) of the Foreign Relations Law ("Second Restatement") and the Third Restatement prescribe factors to be considered by courts in determining whether discovery should be compelled or sanctions imposed where production is prohibited by foreign law or executive order. A proper balancing of the factors set forth in the Restatements in this case

---

[1] This information was then supplemented in Grenada's opposition to Taiwan's motion by the Declarations of the Minister of Finance and Attorney General of Grenada explaining that the Cinnamon 88 developer is formally in default and stating unequivocally that neither developer has raised the funds necessary even to commence the projects.

[2] There is also a confidentiality clause in the contract between Grenada and Cinnamon 88 that prohibits disclosure of the identifying and contract information still being sought by Ex-Im Bank. However, for purposes of this submission, Grenada will assume that the relevant consideration for this Court is the Grenadian government's decision that disclosure of the details of the development contracts would compromise Grenada's economic interests.

would preclude this Court from finding Grenada in contempt of its March 1 Order, because

Grenada's interest in protecting its economic development substantially outweighs any interest

that the United States has in assisting Taiwan in obtaining the information from Grenada.

I.   **CONTEMPT SANCTIONS ARE GENERALLY UNAVAILABLE FOR FAILURE TO DISCLOSE INFORMATION LOCATED OUTSIDE THE UNITED STATES**

Section 442(2)(b) of the Third Restatement directs that courts "should not ordinarily

impose sanctions of contempt on a party that has failed to comply with [an] order for production"

where the information is located outside the United States and its production "is prohibited by a

law, regulation, or . . . other authority of the state in which the information is located . . . ."  Under

this provision, the only circumstances under which contempt sanctions should be considered are

cases of "deliberate concealment or removal of information or of failure to make a good faith

effort . . . ."  *Id.*; *see, e.g., Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1479

(9th Cir. 1992) (adopting §442(2)(b)), *Linde v. Arab Bank, PLC*, --- F.R.D. ----, 2010 WL

2803031 at *7 (E.D.N.Y. July 12, 2010) (same).[3]

---

[3] This presumption against the imposition of contempt sanctions is consistent with the proposition that "in general, explicit waivers of sovereign immunity are narrowly construed 'in favor of the sovereign' and are not enlarged 'beyond what the language requires.'" *World Wide Minerals, Ltd. v. Republic of Kazakhstan*, 296 F.3d 1154, 1162 (D.C. Cir. 2002) *citing Library of Cong. v. Shaw*, 478 U.S. 310 (1986).  Here, Grenada waived sovereign immunity to suit in the loan agreements with Taiwan, and also waived any immunity that would otherwise attach to its assets in the United States for purposes of attachment or execution in aid of a judgment.  However, Grenada's waiver of immunity from suit and the execution on its assets in the United States did not extend to waiving immunity from the imposition of contempt sanctions, nor can any asset of Grenada be executed upon to collect any sanction that is imposed.  As the Fifth Circuit held in *AF-Cap, Inc. v. The Republic of Congo*, 462 F.3d 417, 428-29 (5th Cir. 2006), a waiver of sovereign immunity for commercial activities and the attachment of assets does not include a waiver of the immunity that a sovereign otherwise enjoys from the imposition of fines or the collection of penalties from its assets.  *But see Autotech Technologies LP v. Integral Research & Development Corp*, 499 F.3d 737, 744 (7th Cir. 2007) (upholding a contempt sanction against a party who was found to have waived sovereign immunity based on the commercial activities section of the FSIA on the ground that "once a court is entitled to exercise subject matter jurisdiction, it has the full panoply of powers necessary . . . to enforce whatever judgments it has entered" including the power of contempt.).

18952.200

Here, the Government of Grenada itself – the "authority of the state in which the information is located" – has provided sworn testimony from its Minister of Finance and Attorney General explaining that Grenada, consistent with its laws and domestic policies, cannot produce the requested information. *See* Declarations of V. Nazim Burke and Rohan A. Phillip, Docket Nos. 41 and 42. Thus, Grenada's inability to produce the required information falls squarely within the presumption set forth in § 442(2)(b) and contempt sanctions are precluded absent bad faith or deliberate concealment. Here, there is no suggestion that Grenada is using the cover of its domestic economic concerns as a means to avoid disclosing its assets and, contrary to Taiwan's suggestion, the current government of Grenada has acted in good faith since it first became aware of these proceedings in May 2009. It has provided extensive discovery responses about its actual assets, and more importantly, lack of assets, and has provided all the information necessary for Taiwan (or anybody) to understand that Cinnamon 88 and Levera are *not* actual assets. *See* Grenada's Memorandum of Law in Opposition to Plaintiff's Motion for Contempt Sanctions and to Compel.

Courts in the Second Circuit have generally relied on the Second and Third Restatements to resolve issues created by the inability of a litigant to produce information because of prohibitions of foreign law. *See In Re Grand Jury Subpoena Dated August 9, 2000*, 218 F. Supp.2d 544, 554 (S.D.N.Y. 2002). Although the Second Circuit has yet to specifically consider § 442(2)(b), its historical reliance on the Restatements suggests strongly that it would endorse the presumption against contempt sanctions set forth in § 442(2)(b). Therefore, this Court should follow the dictates of § 442(2)(b) and not impose contempt sanctions on Grenada.

## II.   THE COURT IS REQUIRED TO ENGAGE IN A BALANCING TEST TO DETERMINE WHETHER SANCTIONS CAN BE ISSUED

Even if the standard set forth in § 442(2)(b) is not considered dispositive, the principles of comity preclude the impositions of contempt sanctions against Grenada. Comity is "the

3

18952.200

recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws." *Hilton v. Guyot*, 159 U.S. 113, 1164, 16 S.Ct. 139, 40 L.Ed. 95 (1895).  A court must grant comity in situations like the one at bar unless doing so would prejudice the interest of the United States.  *See Cunard S.S. Co. v. Salen Reefer Servs. AB*, 773 F.2d 452, 457 (2d Cir. 1985); *see also Republic of the Philippines v. Westinghouse Electric Corporation*, 43 F.3d 65, 76 (3d Cir. 1995) ("[A]ny exercise of jurisdiction to prescribe and enforce sanctions based on the effects of foreign activity in a domestic court requires the court to balance the interests it seeks to protect against the interest of any other sovereign that might exercise authority over that same conduct.").[4]

In a case such as this one, where disclosure of information is prohibited by a foreign law or executive action, courts in the Second Circuit, following § 40 of the Second Restatement and § 442(1)(c) of the Third Restatement, conduct a balancing test to determine whether compelling disclosure (or sanctioning non-disclosure) is appropriate in light of comity principles.[5]  *In Re*

---

[4] The fact that Grenada waived sovereign immunity in its contracts with Taiwan does not preclude the Court from granting comity. *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 2004 WL 42268 at *8 (S.D.N.Y. January 8, 2004); *see also Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 35 (S.D.N.Y. 1984) ("The need to respect the sovereignty of a foreign nation transcends the importance of any particular case.").

[5] The Section 40 factors are:  (1) the competing interests of the nations whose laws are in conflict, (2) the hardship of compliance on the party or witness from whom discovery is sought, (3) the importance to the litigation of the information and documents requested, and (4) the good faith of the party resisting discovery.  Restatement (Second) of the Foreign Relations Law of the United States, § 40.

The Section 442(1)(c) factors are:  (1) the importance to the litigation ... of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located.  Restatement (Third) of Foreign Relations Law of the United States, § 442(1)(c).

18952.200

*Grand Jury Subpoena,* 218 F. Supp.2d at 554; *see also Minpeco, S.A. v. Conticommodity Servs., Inc.*, 116 F.R.D. 517, 523 (S.D.N.Y. 1987). The most important considerations in the balancing test are the competing interests of the nations whose laws are in conflict, i.e. the interests of the United States and Grenada with respect to the production of the information concerning Cinnamon 88 and Levera.[6]  *Madanes v. Madanes*, 186 F.R.D. 279, 286 (S.D.N.Y. 1999) ("[B]alancing national interests is the most important as it directly addresses the relations between sovereign nations.").

Thus, in order to impose contempt sanctions in this case, this court must determine that the executive decision of the Grenadian government that Grenada's vital economic interest depends on non-disclosure is outweighed by some vital United States interest that favors providing identifying information to Taiwan about insolvent development projects.  In fact, the only interest that the United States has in this case is the interest in "fully and fairly adjudicating matters before its courts." *First American Corp. v. Price Waterhouse LLP*, 988 F. Supp. 353, 364 (S.D.N.Y. 1998).  While there is no suggestion that this interest is not significant, it is substantially weakened when (i) the United States or a United States citizen is not a party to the lawsuit, (ii) the assets involved are not in the United States, or (iii) the action does not implicate the enforcement of complex federal statutory schemes such as antitrust laws or securities laws.  *Reinsurance Co. of America v. Administratia Asigurarilor de Stat*, 902 F.2d 1275, 1280 (7th Cir. 1990), *Madanes*, 186 F.R.D. at 286 (finding the balance of interests in favor of the foreign sovereign when the only U.S. interest was in the litigation process).

---

[6] The other factors in the balancing test that is significant to the issue before the Court is the importance of the information to the litigation and the availability of alternative means of securing the information.  In this case, the Attorney General and Finance Minister of Grenada have sworn that the developments are inactive and insolvent.  Thus, while Taiwan may want to independently confirm these representations, the fact is that the statements of these high government officials are entitled to be credited by this Court, and Taiwan has made no showing that it cannot obtain the requested information from other sources.

18952.200

In light of the absence of a direct and vital United States interest in Taiwan obtaining the information directly from Grenada, the economic interests of Grenada clearly outweigh the interest of the United States in the balancing test.  Grenada's Minister of Finance has provided a Declaration stating that disclosure of the information sought by Taiwan could have a severe chilling effect on the future economic prospects of the citizens of Grenada.  This decree far outweighs the interest of the United States in a litigation that does not involve its citizens, its property, or federal substantive law and this Court should deny Taiwan's motion for a finding of contempt and the imposition of sanctions.

## CONCLUSION

Thus, under the Restatements, and the cases that have interpreted the relevant provisions, this Court should not impose contempt sanctions on Grenada, which has made clear that it considers the production of the information to be antithetical to its national interest.  Grenada has otherwise opened its books to make clear that it has no assets from which Taiwan can collect on its judgment, and has also made clear that it is willing to enter into an agreement that will insure that Taiwan gets paid in full on the notes. Under these circumstances, sanctions are unwarranted.

Dated: New York, New York
October 12, 2010

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By: _____
          Brian E. Maas
          Lia N. Brooks

488 Madison Avenue
New York, New York 10022
Tel.:  (212) 980-0120
Fax:  (212) 593-9175
bmaas@fkks.com
lbrooks@fkks.com

*Attorneys for Defendant/Judgment
Debtor Grenada*

6

18952.200