UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE EXPORT-IMPORT BANK OF THE
REPUBLIC OF CHINA,

        Plaintiff/Judgment Creditor,

   -against-

GRENADA,

        Defendant/Judgment Debtor.
------------------------------------------------------------X

06 Civ. 2469 (HB) (AJP)


# DEFENDANT/JUDGMENT DEBTOR GRENADA'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF/JUDGMENT CREDITOR THE EXPORT-IMPORT BANK OF THE REPUBLIC OF CHINA'S MOTION TO IMPLEMENT CONTEMPT SANCTIONS

Brian E. Maas
Lia N. Brooks
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Avenue
New York, New York 10022
Tel.: (212) 980-0120
Fax: (212) 593-9175
bmaas@fkks.com
lbrooks@fkks.com

*Attorneys for Defendant/Judgment Debtor Grenada*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

FACTS ........................................................................................................................................ 2

ARGUMENT .............................................................................................................................. 7

I. GRENADA PURGED ITS CONTEMPT BY PRODUCING THE REQUIRED DOCUMENTS .............................................................................................................. 7

    A. The March 1 Order ........................................................................................... 7

    B. Grenada's Compliance with the March 1 Order ............................................... 8

    C. Grenada's Diligence .......................................................................................... 9

II. GRENADA HAS COMPLIED WITH THE DECEMBER 29 ORDER .......................... 10

    A. Grenada Satisfied Its Obligation to Supplement Its Interrogatory Response ....... 11

    B. Grenada Complied With Its Obligation to Provide a Supplemental Rule 30(b)(6) Witness ............................................................................................... 13

CONCLUSION .......................................................................................................................... 14

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of the Government of Grenada ("Grenada"), the Judgment Debtor in these judgment enforcement proceedings, in opposition to the motion by the Judgment Creditor, The Export-Import Bank of the Republic of China ("Ex-Im Bank") for an order implementing the contempt sanctions that were imposed by this Court in its December 29, 2010 Order ("December 29 Order") and then stayed to give Grenada fourteen (14) days to comply with this Court's previous March 1, 2010 order ("March 1 Order"). Ex-Im Bank claims in its motion (the "Ex-Im Mot.") that the implementation of contempt sanctions is warranted because Grenada failed (1) to comply with the directive of the December 29 motion that Grenada cure the deficiencies in its previous compliance with the March 1 Order, (2) failed to supplement its responses to certain Interrogatories adequately, and (3) failed to provide a supplemental 30(b)(6) witness by the deadline set in the December 29 Order to cure deficiencies in the testimony of Grenada's 30(b)(6) witness.

Ex-Im Bank's motion should be denied because it is based on a misreading of the December 29 Order and misstates both the nature of Grenada's obligations and the quality of Grenada's recent productions. First, as Ex-Im Bank concedes, Grenada produced in a timely fashion documents relating to the Cinnamon 88 and Levera projects.

REDACTED

REDACTED

Ex-Im Bank's complaints about both the Supplemental Interrogatory responses and the supplemental deposition witness are equally without merit. First, even had Grenada failed to comply with these aspects of the December 29 Order, this failure could not warrant implementation of the contempt sanctions, which applied only to the failure to comply with the March 1 Order. However, as discussed more fully below, the Supplemental Interrogatory Responses satisfied Grenada's obligation under the December 29 Order. As to the supplemental deposition, Grenada acted in good faith to meet the January 28 deadline, and when that was not possible, an adjournment was agreed to February 24. Maas Decl. ¶ 7. Therefore, there is no basis for imposing any penalty on Grenada with respect to these aspects of the December 29 Order.

## FACTS

The only facts relevant to this motion are the obligations created by this Court's March 1 and December 29 Orders and the contents of Grenada's January 12, 2011 production of Cinnamon 88 and Levera materials and the content of the Interrogatory Responses. However, Ex-Im Bank has presented a distorted history of this case to suggest that Grenada's responses must be deficient because of some long history of bad faith non-compliance. This is not an accurate portrayal of Grenada's conduct and we will briefly review the relevant history.

Ex-Im Bank served the Interrogatories at issue in October 2007, after the previous Grenadian government had defaulted on its obligations in the underlying lawsuit and summary judgment had been entered by this Court. Ex-Im Bank then took no action to seek compliance

2

with these Interrogatories, or to enforce its judgment in any other way, until February 2009, when a motion to compel was filed. The new Grenadian government, which had taken office in the summer of 2008, only learned that a judgment had been filed against it and the existence of the Interrogatories when this Court's April 9, 2009 order directing that Grenada answer the Interrogatories and pay attorneys' fees was entered.[1]

As has been well documented, the new Grenadian government promptly retained new counsel and explained to this court that it had been unaware of the judgment, the Interrogatories or this Court's order directing that they be answered. This Court then denied the contempt motion and Grenada agreed to respond to the Interrogatories within 60 days.

Grenada then filed responses to the Interrogatories along with extensive schedules of its assets and extensive liabilities. *See* Maas Decl., Ex. J. Even before serving these responses, Grenada made a comprehensive settlement proposal to Ex-Im Bank under which it offered to repay the full principal amount due on the underlying notes, along with accrued interest, on a repayment schedule that was consistent with agreements that Grenada had made with its other public and private creditors.[2] *See* Maas Decl., Ex. K. Ex-Im Bank has yet to respond to this settlement offer.

Over the fall of 2009, in response to requests from Ex-Im Bank, Grenada supplemented some of the Interrogatory Responses as new information became available. Among the

---

[1] The difficulties faced by the new Grenadian government when it took office in July 2008 and the fact that the new Government did not learn of this lawsuit or the judgment enforcement proceedings until April 2009 is set out in the June 26, 2009 Declaration of James Bristol, the then Attorney General of Grenada that was submitted in opposition to Ex-Im Bank's first contempt motion in this proceeding. *See* Maas Decl., Ex. I.

[2] As previously detailed to this Court, Grenada suffered substantial economic damage as a result of two hurricanes and was unable to service its debt. Under the auspices of the International Monetary Fund, all of Grenada's creditors, except Ex-Im Bank, agreed to restructurings and extensions of the debt repayment obligations.

3

additional information requested from Grenada were details about two debts due to Grenada relating to the Cinnamon and Levera development projects that had been included on the schedules Grenada produced in response to Interrogatory 6. When Grenada did not provide additional information about these two development projects, Ex-Im Bank sought an order from this Court requiring the production of additional information. This Court then held a telephone conference on March 1, 2010 on the limited issue of the adequacy of Grenada's response to Interrogatory 6 only with respect to Cinnamon 88 and Levera. Although Grenada explained that it believed that disclosure of this information could compromise its relationship with developers that were crucial to the Grenadian economy, this Court ordered Grenada to answer Interrogatory 6 with respect to Cinnamon 88 and Levera. Grenada then provided a letter from counsel dated March 12, 2010 that set out the history of the two projects and explained that both projects were inactive and that the developers were understood to be insolvent, and thus the so-called "debts" owed to Grenada that were originally listed on the schedule Grenada produced in response to Interrogatory 6 were in fact worthless. *See* Maas Decl., Ex. E.

Ex-Im Bank then served a Notice for Grenada to produce a witness pursuant to Rule 30(b)(6) to provide information about a wide range of topics. This deposition was conducted on May 5, 2010 and the witness who appeared on behalf of Grenada, Mike Sylvester, the Deputy Permanent Secretary of the Ministry of Finance, testified for several hours. During that deposition, he provided substantial information about Grenada's poor economic situation and Grenada produced to Ex-Im Bank copies of Grenada's entire line item budgets for the years 2007, 2008, 2009 and 2010, all of which showed that Grenada met its basic financial obligations to its people through receipt of foreign assistance.

In his deposition, Mr. Sylvester was directed not to answer questions seeking the identity of the Cinnamon 88 and Levera developers as well as additional details about the underlying

4

contracts. At the time, Grenada believed in good faith that it was obligated to keep this information confidential, both because of contractual requirements and out of a concern that disclosure of this information would harm its relations with developers generally and thereby have a substantial negative impact on the Grenadian economy.

Ex-Im Bank then moved for contempt sanctions based on Grenada's alleged failure to comply with this Court's March 1 Order regarding Cinnamon 88 and Levera. In this same motion, Ex-Im Bank complained about most of Grenada's Interrogatory Responses and about the quality of Mr. Sylvester's deposition.

This Court granted Ex-Im Bank's motion by its December 29 Order finding that Grenada's March 12, 2010 letter "lacks any particulars, fails to produce documents, and fails to identify by name or address either the Cinnamon 88 develop or the Levera developer." *See* Maas Decl., Ex. A. The Court then went on to say that "while Grenada may have provided certain information, it provided no information that would aid Plaintiff in ascertaining the existence of any funds . . . ." The Court then imposed a contempt sanction of $1,000 per day until compliance, but stayed the imposition of the sanction for 14 days to give Grenada an opportunity to "purge its contempt." In addition, this Court addressed Grenada's concern over the production of confidential information by directing that the documents "will remain strictly confidential, marked 'For Attorney's Eyes Only 'and be accessible to the parties' counsel but not the parties."

With respect to Ex-Im Bank's motion to compel, which alleged that most of the Interrogatory Responses were deficient, this Court found that some but not all of Grenada's responses had been adequate and directed Grenada to provide complete responses within 30 days to Interrogatories 6, 13, 15, 16 and 18. This Court also directed that Grenada make available another 30(b)(6) witness "to cure any deficiencies in its previous witness's deposition," also within the same 30 days.

5



With respect to the Court's Order to provide supplemental responses to Interrogatories 6, 13, 15, 16 and 18, these supplemental Responses were provided in a letter sent by Grenada's counsel on the January 28 deadline. *See* Maas Decl., Ex. C. These Interrogatory Responses complied fully with this Court's December 29 Order. Specifically, additional information was provided for Interrogatories 16 and 18 while the Supplemental Response stated that no information is available as to Interrogatories 13 and 15.[3]

Finally, as to the supplemental 30(b)(6) witness, Grenada identified Timothy Antoine, the Permanent Secretary of the Ministry of Finance, as the intended witness in early January. Counsel for Ex-Im Bank then identified dates that he was available before the January 28 deadline. Mr. Antoine then advised that his official duties prevented him from being available on those dates. At that point, the logistical difficulties were communicated to Ex-Im Bank's counsel and he agreed to put off the deposition until February 24. *See* Maas Decl., Ex. H. On February 15, Ex-Im Bank complained again about the quality of Grenada's production and

---

[3] Interrogatory 13 seeks contracts between Grenada and foreign entities relating to the tourism industry. Contrary to Ex-Im Bank's contention in its motion, the Cinnamon 88 and Levera contracts are not responsive as both developers are Grenadian corporations.

6

cancelled Mr. Antoine's deposition, thereby depriving itself of seeking information from the most knowledgeable person in the Ministry of Finance about Grenada's financial situation.

This motion followed.

## ARGUMENT

### I.

### GRENADA PURGED ITS CONTEMPT BY PRODUCING THE REQUIRED DOCUMENTS

A party may be held in civil contempt for failure to comply with a court order if "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995).

### A. The March 1 Order

The March 1 Order was an oral order by the court requiring Grenada to provide additional information about Cinnamon 88 and Levera, two debts that were listed in Grenada's responses to the Interrogatory 6. *See* December 29 Order at 7. Interrogatory 6 requested the following information:

> **Interrogatory 6**: Set forth, identify and describe any entities, persons or states, who owe a debt to Grenada, or an Instrumentality of Grenada. For each Debtor, set forth the following:
>
> a. The name, address and telephone number of each debtor;
>
> b. The amount owed;
>
> c. The underlying reason for the debt;
>
> d. Whether or not there is written evidence of his indebtedness, and if so, the location and custodian of the written indebtedness;

7

      e.      Whether there is any payment schedule that is in the place, and if so, describe the schedule; and

      f.      Whether Grenada, or an Instrumentality of Grenada has commenced any litigation or enforcement proceedings concerning the amounts owed, and if so, describe the litigation or enforcement proceedings.

Interrogatory 6 does not require Grenada to provide a historical record of the two projects. Rather, as is appropriate for Judgment Enforcement proceedings, the original Interrogatory focuses on the legal and current financial status of the two projects and the identity of the developers as potential sources of recovery.

## B.   Grenada's Compliance with the March 1 Order

On March 12, 2010, Grenada supplied a letter from counsel providing information about Cinnamon 88 and Levera and explained that the so-called "obligations" listed in Grenada's response to Interrogatory 6 with respect to Cinnamon 88 and Levera were "paper" debts only and were uncollectable. The March 12 Submission (Maas Decl., Ex. E) answered subsections (c), (e) and (f) of Interrogatory 6, leaving only subsection (a), the name, address and telephone number of each debtor, and subsection (d), the written evidence of the indebtedness, as the only outstanding pieces of information with respect to both the interrogatory and the March 1 Order.[4]

Grenada did not produce the underlying agreements with Cinnamon 88 and Levera as part of its March 12 Submission because of contractual obligations of confidentiality and its concern that public dissemination of the contractual terms would jeopardize the already tenuous relationship with the developers of the two projects and also harm the prospects of new tourism development projects in Grenada. After Ex-Im Bank moved for contempt sanctions, the Court

---

[4] Subsection (b) of Interrogatory 6 had already been answered in Grenada's original responses to the Interrogatories.

8

entered its December 29 Order directing Grenada to provide the missing information and allowing Grenada to produce the agreements on an attorneys' eyes only basis. *Id.*

In response to the Court's December 29 Order allowing production of documents on an attorneys' eyes only basis, **REDACTED** Thus, Grenada has now answered subsections (a) and (d) of Interrogatory 6 and extinguished its obligations under the March 1 Order.

Despite its indignant recitation of the entire timeline of this litigation in its Motion to Implement Sanctions, Ex-Im Bank completely fails to prove, by clear and convincing evidence, that Grenada has failed to comply with the March 1 Order. Thus, Ex-Im Bank's motion should be denied. *Latino Officers Ass'n City of New York, Inc. v. City of New York*, 558 F.3d 159, 164 (2d Cir. 2009) ("[T]he relevant inquiry is not whether defendants adequately rebutted plaintiffs' evidence, but rather, whether plaintiffs' evidence alone was adequate to establish that (1) the order was clear and unambiguous, (2) defendants did not, in fact, comply with the order (and the evidence of the noncompliance must be clear and convincing), and (3) defendants did not diligently attempt to comply with the order in a reasonable manner.").

### C.  Grenada's Diligence

Grenada's diligence in complying with the March 1 Order is moot, because Grenada *has* complied. But in its motion, Ex-Im Bank attempts to obfuscate this fact by repeating the history of this litigation, by complaining about Grenada's 30(b)(6) witness, and by complaining about Grenada's responses to its other Interrogatories. These are not proper subjects for the Motion to Implement Sanctions, when the contempt finding at issue was only based on Grenada's failure to produce information related to Cinnamon 88 and Levera. *See* December 29 Order at 7.

9

Ex-Im Bank counsel's February 4 letter to Brian Maas, counsel for Grenada, which was quoted from liberally in the Motion to Implement Sanctions (*see* Mot. at 7), ignores the March 1 Order and misstates the extent of Grenada's obligations regarding Cinnamon 88 and Levera. For example, Ex-Im Bank claims that Grenada is obligated to provide correspondence regarding Levera. *Id.* However, Interrogatory 6 did not request correspondence, and thus the March 1 Order did not require Grenada to produce it. The fact that Grenada has now produced **REDACTED** for Cinnamon 88 and Levera to assist Ex-Im Bank in understanding that the debts are uncollectable does not obligate it to produce *all* correspondence related to the tortured history of these transactions. Grenada has provided more than adequate information to satisfy its obligations under Interrogatory 6 and for Ex-Im Bank to attempt to enforce its judgment.

The December 29 Order (disingenuously referred to by Ex-Im Bank as the Sanctions Award) was the result of two motions by Ex-Im Bank: a motion for sanctions, based on Interrogatory 6 and Cinnamon 88 and Levera, and a motion to compel, based on Ex-Im Bank's quarrels with Grenada's 30(b)(6) witness and its responses to the other Interrogatories. As shown above, the motion to implement sanctions should be denied, because Grenada has purged its contempt. Ex-Im Bank's other allegations, which are solely based on the December 29 Order (not the March 1 Order) will be addressed below.

## II.

## GRENADA HAS COMPLIED WITH THE DECEMBER 29 ORDER

The December 29 Order required Grenada to supplement its responses to Interrogatories 6, 13, 15, 16, and 18 and to produce a supplemental Rule 30(b)(6) witness within 30 days. As shown below, Grenada complied with the Interrogatory obligation by the deadline and Ex-Im

10

Bank agreed to adjourn the deposition and then cancelled it. Therefore, Grenada complied with this part of the December 29 Order.

## A.  Grenada Satisfied Its Obligation to Supplement Its Interrogatory Response

On January 28, 2011, Grenada's counsel sent a letter to Ex-Im Bank's counsel supplementing its interrogatory responses as follows:

> Interrogatory 6: Grenada provided additional information, as required by the court, on January 12.
>
> Interrogatory 13: Grenada has no additional information beyond what was provided in its original responses.
>
> Interrogatory 15: Grenada is unable to locate any additional information beyond what was provided in its original responses.
>
> Interrogatory 16: The five persons most knowledgeable about Grenada or an Instrumentality of Grenada's Liquid Assets, Tangible Assets, accounts or monies in any financial institution, monies, debts owed to Grenada, or an Instrumentality of Grenada, Grenada's creditors and foreign investments in Grenada or in an Instrumentality of Grenada are V. Nazim Burke, Minister of Finance; Timothy Antoine, Permanent Secretary, Ministry of Finance; Mike J. Sylvester, Deputy Permanent Secretary, Ministry of Finance; Anslem Joseph, Director of Audit, and Vincent Louis, Acting Accountant-General.
>
> Interrogatory 18: The names of the individuals who assisted with the preparation of the interrogatories are as follows:
>
>> Interrogatories 1-2, 6 & 8: Mr. Vincent Louis, Acting Accountant-General;
>>
>> Interrogatories 3-5: Vincent Louis and Anslem Joseph, Director of Audit;
>>
>> Interrogatories 7: Mike J. Sylvester, Timothy Antoine;
>>
>> Interrogatories 9, 16-18: Mike J. Sylvester, Timothy Antoine;
>>
>> Interrogatories 10–11: Mrs. Elizabeth Henry-Greenidge, Permanent Secretary, Ministry of Foreign Affairs;
>>
>> Interrogatories 12–15: Vincent Louis and Mike J. Sylvester.

*See* Maas Decl., Ex. C.

11

Ex-Im Bank takes issue with Grenada's supplemental responses to Interrogatories 13 and 15. Interrogatory 13 asked Grenada to "[i]dentify and describe any commercial contract, agreement or relationship with any foreign entity (including any foreign nation, business, corporation, consortium, or person), concerning Grenada's tourism industry." No such contracts exist. Nevertheless, Ex-Im Bank insists they must, and cites the contracts that Grenada has with Cinnamon 88 and Levera as examples. However, the contracts with Cinnamon 88 and Levera, which Ex-Im Bank is in possession of, REDACTED

Ex-Im Bank also attempts to do an end-run around the Court's December 29 Order, which <u>denied</u> Ex-Im Bank's motion to compel supplemental responses to Interrogatory 14, requesting information about contracts with an individual named Peter de Savary. Ex-Im Bank now insists that it is entitled to the de Savary contracts and that Grenada is in contempt for not producing them. Yet Ex-Im Bank fails to bring to the Court's attention that it already requested the same relief, which was denied in the December 29 Order.[5]

Finally, Ex-Im Bank complains that Grenada failed to supplement its response to Interrogatory 7, which was not the subject of Grenada's motion to compel which resulted in the December 29 Order. Interrogatory 7 requested, *inter alia*, whether any creditor of Grenada "has commenced any litigation or enforcement proceedings concerning the amounts owed, and if so, describe the litigation or enforcement proceeding." Ex-Im Bank argues that Grenada failed to officially supplement its Interrogatory response with information concerning the Fortis Bank

---

[5] Regardless, as discussed in the Maas Decl., Grenada is willing to produce the so-called "de Savary contracts" if the Court extends the confidentiality protections contained in the December 29 Order to these documents. It should be clear, however, that these documents are neither responsive to Interrogatory 14 (in that they are not contracts with Mr. de Savary individually), nor are they responsive to Interrogatory 13 (in that they are not contracts with foreign entities).

12

judgment, which was entered against Grenada as result of Grenada's guarantee of the obligations of one of the Cinnamon 88 developers. This contention is nonsense. First, Ex-Im Bank's quarrel is an example of the elevation of form over substance, because Grenada informed Ex-Im Bank of its obligation to Fortis in its March 12 Submission. Second, and most importantly, this obligation is one of the dozens of debts that were restructured as part of the 2005 IMF-sponsored commercial debt-restructuring program that occurred as a result of the devastation Grenada experienced from the hurricanes in 2004 and 2005.[6] See Maas Decl., Ex. F.

## B. Grenada Complied With Its Obligation to Provide a Supplemental Rule 30(b)(6) Witness

Ex-Im Bank's last complaint is that Grenada somehow failed to comply with that portion of the December 29 Order requiring it to produce a supplemental Rule 30(b)(6) witness. However, Ex-Im Bank concedes that Grenada promptly identified Timothy Antoine, the Permanent Secretary of the Ministry of Finance, as the witness. Ex-Im Bank also concedes that after Mr. Antoine's official duties prevented him from being able to travel to New York for a deposition on the dates Mr. Summit was available, Ex-Im Bank agreed to adjourn the deposition to February 24, the earliest date that the witness and all counsel could be available. Under these circumstances, the fact that the deposition did not take place by January 28 nor the fact that Ex-Im Bank unilaterally cancelled the deposition can be the basis for a finding that Grenada failed to comply with the December 29 Order.

---

[6] Ex-Im was the *only* major creditor of Grenada that did not participate in the restructuring and the only creditor that commenced litigation against Grenada.

## CONCLUSION

For the reasons stated above, Defendant/Judgment Debtor Grenada respectfully requests that this Court deny Plaintiff/Judgment Creditor The Export-Import Bank of the Republic of China's motion for implementation of the Court's Sanctions Award.

Dated: New York, New York
       March 11, 2011

                                        FRANKFURT KURNIT KLEIN & SELZ, P.C.

By: _____
       Brian E. Maas
       Lia N. Brooks

488 Madison Avenue
New York, New York 10022
Tel.: (212) 980-0120
Fax: (212) 593-9175
bmaas@fkks.com
lbrooks@fkks.com

*Attorneys for Defendant/Judgment Debtor Grenada*

14