UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
:
THE EXPORT-IMPORT BANK OF THE REPUBLIC : 
OF CHINA, : 06-CV-2469 (HB)(AJP)
:
                  Judgment Creditor, :
:
   -against- : **RESTRAINING NOTICE**
:
GRENADA, :
:
                  Judgment Debtor. :
:
------------------------------------------------------------------ x

THE PEOPLE OF THE STATE OF NEW YORK

**TO:**  MSC CRUISES
      C/O THE MEDITERRANEAN SHIPPING COMPANY (USA) INC.
      THE CORPORATION TRUST CO.
      277 PARK AVENUE
      NEW YORK, NEW YORK 10017

**GREETINGS:**

**PLEASE TAKE NOTICE THAT** in an action in the United States District Court for the Southern District of New York, Docket Number 06-CV-2469 (HB)(AJP), between The Export-Import Bank of the Republic of China, plaintiff, and Grenada, defendant, being all the parties to the action, on February 6, 2007, the Court entered judgment in favor of plaintiff, and on March 16, 2007, the Court entered an Amended Judgment for the amount of $21,586,057.38, plus a sum of prejudgment interest in the amount of $3,323,586.90 (which reflects pre-judgment interest calculated at the contract default rate of ten percent on unpaid principal from July 1, 2005 to February 6, 2007 at the rate of $5,671.65 per diem), and pre-judgment interest calculated at the

contract default rate of ten percent on unpaid principal at the rate of $5,671.65 per diem from February 7, 2007 to March 16, 2007, costs and disbursements in the amount of $5727.56, attorneys' fees in the amount of $82,225.00, and post-judgment interest at the statutory rate from the date of the amended judgment forward. The amount of $21,586,057.38, plus pre-judgment interest, plus costs and disbursements, plus attorneys' fees, together with statutory interest from March 16, 2007, remains due and unpaid.

**WHEREAS,** you may owe a debt to the judgment debtor, Grenada, or may be in possession or in custody of property in which the judgment debtor has an interest (including but not limited to monthly payments made in connection with your cruise operations in Grenada);

**NOW TAKE NOTICE** that pursuant to Section 5222(b) of the New York Civil Practice Law and Rules ("CPLR"), a copy of which is set forth below, you are hereby forbidden to make or suffer any sale, assignment, transfer, or interference with the judgment debtor's property that may be in your custody or possession, to any person other than the sheriff or marshal except upon direction of the sheriff or marshal, or pursuant to an order of the court, until the judgment is satisfied or vacated, except as provided in CPLR 5222(b).

**TAKE FURTHER NOTICE** that "you" means MSC Cruises and (as appropriate) any of its parent or subsidiary corporations, affiliates, partners, officers, employees, agents and any other persons acting on behalf of any or all of the foregoing entities and persons.

**TAKE FURTHER NOTICE** that this notice also covers all property in which the judgment debtor has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtor.

> SECTION 5222(B) OF THE CIVIL PRACTICE LAW AND RULES
>
> b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE**, that disobedience of this restraining notice is punishable as a contempt of court.

Dated: New York, New York
       November 15, 2011

SULLIVAN & WORCESTER LLP

By: _____
Paul E. Summit (PS 6263)
Andrew T. Solomon (AS 9200)
1290 Avenue of the Americas, 29th Floor
New York, NY 10104
(212) 660-3000

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
:
THE EXPORT-IMPORT BANK OF THE REPUBLIC :
OF CHINA,                              :   06-CV-2469 (HB)(AJP)
                                       :
                Plaintiff,             :
                                       :   **INFORMATION SUBPOENA**
        -against-                      :
                                       :
GRENADA,                               :
                                       :
                Defendant.             :
                                       :
------------------------------------------------------------------ x


**TO:**   MSC CRUISES
          C/O THE MEDITERRANEAN SHIPPING COMPANY (USA) INC.
          THE CORPORATION TRUST CO.
          277 PARK AVENUE
          NEW YORK, NEW YORK 10017

**GREETINGS:**

**PLEASE TAKE NOTICE THAT** in an action in the United States District Court for the Southern District of New York, Docket Number 06-CV-2469 (HB)(AJP), between The Export-Import Bank of the Republic of China, plaintiff, and Grenada, defendant, being all the parties to the action, on February 6, 2007, the Court entered judgment in favor of plaintiff, and on March 16, 2007, the Court entered an Amended Judgment for the amount of $21,586,057.38, plus a sum of prejudgment interest in the amount of $3,323,586.90 (which reflects pre-judgment interest calculated at the contract default rate of ten percent on unpaid principal from July 1, 2005 to February 6, 2007 at the rate of $5,671.65 per diem), and pre-judgment interest calculated at the contract default rate of ten percent on unpaid principal at the rate of $5,671.65 per diem from

February 7, 2007 to March 16, 2007, costs and disbursements in the amount of $5727.56, attorneys' fees in the amount of $82,225.00, and post-judgment interest at the statutory rate from the date of the amended judgment forward. The amount of $21,586,057.38, plus pre-judgment interest, plus costs and disbursements, plus attorneys' fees, together with statutory interest from March 16, 2007, remains due and unpaid.

**WHEREAS**, it is believed that you are in possession of property or funds of, or owe property or funds to, Grenada.

**NOW, THEREFORE, YOU ARE HEREBY COMMANDED** to furnish the undersigned, in writing and under oath, separate and full answers to each of the written information requests attached to this subpoena with each answer referring to the question to which it responds. Your answers must be returned with the original of the questions in the prepaid, addressed return envelope enclosed to the undersigned within seven days of their receipt.

**PLEASE TAKE FURTHER NOTICE** that false swearing or failure to comply with this Information Subpoena is punishable as a contempt of Court.

**WITNESS**, Hon. Harold Baer, Jr., United States District Court Judge, on the 15th day of November 2011.

Dated: New York, New York
       November 15, 2011

SULLIVAN & WORCESTER LLP

By: _____
Paul E. Summit (PS 6263)
Andrew T. Solomon (AS 9200)
1290 Avenue of the Americas, 29th Floor
New York, NY 10104
(212) 660-3000

*Attorneys for Plaintiff*

2

## CPLR 5224(a)(3)(i) Certification

I, Paul E. Summit, attorney for judgment creditor The Export-Import Bank of the Republic of China, hereby certify that this information subpoena complies with Rule 5224 of the Civil Practice Law and Rules and that I have a reasonable belief that the party receiving this subpoena has in its possession information about the debtor that will assist the creditor in collecting the judgment.

Dated:   New York, New York
         November 15, 2011

_____
Paul E. Summit

## INFORMATION REQUESTS

1. Identify the names of the persons who assisted in preparing the responses to these information requests.

2. Does MSC Cruises or any of its affiliates currently owe any money or property to Grenada or any representative of Grenada? If so, please specify the following:

    (a) amount owed;

    (b) payment deadline;

    (c) location of funds to be used to pay the amount owed, including name and address of financial institution where funds are held, and account number.

3. In the last five years, has MSC Cruises or any of its affiliates paid any money or transferred any property to Grenada or a representative of Grenada? If so, please specify the following:

    (a) amount(s) paid;

    (b) date of payment(s);

    (c) location of funds from which payment(s) was made, including name and address of financial institution where funds were located before payment was made, and account number.

4. Does MSC Cruises or any of its affiliates expect to owe any money or property to Grenada or any of its representatives and/or make any payments of money or property to Grenada or any of its representatives in the next five years? If so, please describe each expected payment and reason for each payment.

5. Has MSC Cruises or any of its affiliates withheld any payments from Grenada or any of its representatives since October 1, 2011? If so, please specify the following:

    (a) the reason(s) for withholding such payments;

    (b) the location of the withheld funds, including name and address of financial institution and account number;

    (c) the amount of the withheld funds as of the date of your response; and

    (d) the amount of funds expected to be withheld per month from the date of your response.

4

## INFORMATION REQUESTS

1. Identify the names of the persons who assisted in preparing the responses to these information requests.

2. Does MSC Cruises or any of its affiliates currently owe any money or property to Grenada or any representative of Grenada? If so, please specify the following:

    (a) amount owed;

    (b) payment deadline;

    (c) location of funds to be used to pay the amount owed, including name and address of financial institution where funds are held, and account number.

3. In the last five years, has MSC Cruises or any of its affiliates paid any money or transferred any property to Grenada or a representative of Grenada? If so, please specify the following:

    (a) amount(s) paid;

    (b) date of payment(s);

    (c) location of funds from which payment(s) was made, including name and address of financial institution where funds were located before payment was made, and account number.

4. Does MSC Cruises or any of its affiliates expect to owe any money or property to Grenada or any of its representatives and/or make any payments of money or property to Grenada or any of its representatives in the next five years? If so, please describe each expected payment and reason for each payment.

5. Has MSC Cruises or any of its affiliates withheld any payments from Grenada or any of its representatives since October 1, 2011? If so, please specify the following:

    (a) the reason(s) for withholding such payments;

    (b) the location of the withheld funds, including name and address of financial institution and account number;

    (c) the amount of the withheld funds as of the date of your response; and

    (d) the amount of funds expected to be withheld per month from the date of your response.