UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
:
THE EXPORT-IMPORT BANK OF THE REPUBLIC :
OF CHINA, : 06-CV-2469 (HB)(AJP)
:
                  Judgment Creditor, :
:
  -against- : **RESTRAINING NOTICE**
:
GRENADA, :
:
                  Judgment Debtor. :
:
------------------------------------------------------------------ x


**TO:**    MEDITERRANEAN SHIPPING COMPANY (USA) INC.
        C/O CT CORPORATION SYSTEM
        111 8TH AVENUE, 13TH FLOOR
        NEW YORK, NEW YORK 10011

**GREETINGS:**

     **PLEASE TAKE NOTICE THAT** in an action in the United States District Court for the Southern District of New York, Docket Number 06-CV-2469 (HB)(AJP), between The Export-Import Bank of the Republic of China, plaintiff, and Grenada, defendant, being all the parties to the action, on February 6, 2007, the Court entered judgment in favor of plaintiff, and on March 16, 2007, the Court entered an Amended Judgment for the amount of $21,586,057.38, plus a sum of prejudgment interest in the amount of $3,323,586.90 (which reflects pre-judgment interest calculated at the contract default rate of ten percent on unpaid principal from July 1, 2005 to February 6, 2007 at the rate of $5,671.65 per diem), and pre-judgment interest calculated at the

contract default rate of ten percent on unpaid principal at the rate of $5,671.65 per diem from February 7, 2007 to March 16, 2007, costs and disbursements in the amount of $5,727.56, attorneys' fees in the amount of $82,225.00, and post-judgment interest at the statutory rate from the date of the amended judgment forward. The amount of $21,586,057.38, plus pre-judgment interest, plus costs and disbursements, plus attorneys' fees, together with statutory interest from March 16, 2007, remains due and unpaid.

**WHEREAS,** you may owe a debt to the judgment debtor, Grenada, or may be in possession or in custody of property in which the judgment debtor has an interest (including but not limited to monthly payments made in connection with your cruise operations in Grenada);

**NOW TAKE NOTICE** that pursuant to Section 5222(b) of the New York Civil Practice Law and Rules ("CPLR"), a copy of which is set forth below, you are hereby forbidden to make or suffer any sale, assignment, transfer, or interference with the judgment debtor's property that may be in your custody or possession, to any person other than the sheriff or marshal except upon direction of the sheriff or marshal, or pursuant to an order of the court, until the judgment is satisfied or vacated, except as provided in CPLR 5222(b).

**TAKE FURTHER NOTICE** that "you" means Mediterranean Shipping Company (USA) Inc. and (as appropriate) any of its parent or subsidiary corporations, affiliates, partners, officers, employees, agents and any other persons acting on behalf of any or all of the foregoing entities and persons, including but not limited to MSC Cruises.

**TAKE FURTHER NOTICE** that this notice also covers all property in which the judgment debtor has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtor.

> SECTION 5222(B) OF THE CIVIL PRACTICE LAW AND RULES
>
> b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE**, that disobedience of this restraining notice is punishable as a contempt of court.

Dated: New York, New York
       December 15, 2011

SULLIVAN & WORCESTER LLP

By: *Andrew Solomon*
Paul E. Summit
Andrew T. Solomon
1290 Avenue of the Americas, 29th Floor
New York, NY 10104
(212) 660-3000

*Attorneys for Judgment Creditor*