UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE EXPORT-IMPORT BANK OF THE
REPUBLIC OF CHINA,

          Judgment Creditor,

    -against-

GRENADA,

          Judgment Debtor.

---

06-CV-2469 (HB) (AJP)

**AFFIDAVIT OF TERRENCE SMITH IN SUPPORT OF JOINT MOTION TO VACATE RESTRAINING NOTICES**

I, TERRENCE SMITH, state under penalty of perjury as follows:

1. I am the Chairman of the Board of Directors of the National Water and Sewage Authority ("NWSA"). I make this affidavit from personal knowledge except as to statements made on information and belief, and as to such statements, I believe them to be true.

2. The NWSA was established in December 1990 by the National Water and Sewerage Authority Act, 1990 ("NWSAA"). As stated in Section 3 of the NWSAA, the mission of the NWSA is "to promote a national policy for Water and Sewerage in Grenada" through effective execution of policy related to "sewerage and the treatment and disposal of sewage and other effluents," and "the provision of water supplies and the conservation, augmentation, distribution and proper use of water resources[.]"

3. Among other actions and duties, the NWSA supplies water to ships that utilize and dock in Grenada's ports, including but not limited to ships associated with the following cruise lines (the "Cruise Lines"): Carnival, Princess, Holland America, P&O Cruises, Costa Cruise Lines, Cunard, the Yachts of Seabourn and Aida Cruises. The NWSA imposes a levey on the Cruise Lines to support its provision of this service to them (the "Water Levy"). The NWSA

submits monthly billing statements to the agent for the Cruise Lines, and payment of the Water Levy due from each Cruise Line is then made by Cruise Lines' agent to the NWSA.

4. It is my understanding that the Export-Import Bank of the Republic of China ("EX-IM") has served restraining notices on most if not all of the Cruise Lines, and that these restraining notices call for the restrained entities to cease making any and all payments that they are required to make in conjunction with their operations in Grenada. It is my understanding that basis for these demands is EX-IM's assertion that the nation of Grenada, a judgment debtor to EX-IM, may have a property interest in the Water Levies owed by each Cruise Line that allegedly renders all such payments attachable under the appropriate law in enforcement of EX-IM's judgment.

5. Whatever interest the government of Grenada may or may not have in property held by the Cruise Lines (and I am presently unaware of any such interest), it has no such interest in the Water Levies due to the NWSA from any of them. As noted, the Water Levies are collected from the Cruise Lines' agent directly by the NWSA for services provided by the NWSA. No payments are made to nor are any payments due to the government of Grenada. Despite these facts, it is my understanding that most if not all of the Cruise Lines are presently withholding Water Fees from the NWSA as a result of being served with the EX-IM restraining notices.

6. The NWSA is neither an analog for Grenada, nor part of the government of Grenada. As established under the NWSAA, the NWSA is a legally independent corporate entity with a completely separate juridical existence from the government of Grenada. The NWSA can sue and be sued, own property, and borrow, lend, and invest funds, all in its own

name. The government of Grenada has an exceedingly minimal role, if any, in the day-to-day operations of the NWSA and plays at most, an oversight role with respect to the NWSA.

7.  The role of General Manager is very much like that of a typical corporate chief executive officer and he is responsible for day-to-day management of the operations of the NWSA and its employees. The General Manager reports to the NWSA Board of Directors, and with the assistance of his executive staff, they make all day-to-day decisions on such things as hiring and firing of employees, negotiations and contracting with vendors, assessing maintenance needs in the national water and sewer system, and communicating with and collecting fees from entities and persons using Grenada's water and sewage systems and facilities. The government of Grenada is generally not involved in these day-to-day decisions.

8.  The NWSA also has no relation to the underlying dispute between EX-IM and Grenada. The NWSA was not a party to any of the loan agreements at issue in the dispute, nor was it otherwise responsible for making any payments to EX-IM or any other entity in relation to those loans. EX-IM did not name the NWSA as a party in its lawsuit, nor, on information and belief, are any of EX-IM's allegations related in any way to any action, inaction, or conduct of the NWSA or any of its officers, directors, members or employees. In short, the NWSA had no involvement whatsoever with the facts or circumstances that ultimately led to the EX-IM lawsuit and judgment.

9.  The revenues of the NWSA – including all Water Levies collected from the Cruise Lines – are used to cover the NWSA's operating costs and expenses associated with the maintenance and operation of Grenada's water and sewage infrastructure, including facilities maintenance and employee salaries. The Water Levies are a significant source of the NWSA's operating budget. The continued deprivation of the NWSA of these funds as a result of EX-IM's

restraining notices will significantly hamper the NWSA's ability to fulfill its mission to effectively operate and manage the water and sewage systems in Grenada.

Dated: 16th March, 2012

_____
Terrence Smith
Chairman, Board of Directors National
Water and Sewage Authority

Sworn to before me this
16th day of March, 2012

_____
Notary Public



LESLIE-ANN SEON
NOTARY PUBLIC
GRENADA W.I.
COM. EXPIRES 2014

4