UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE EXPORT-IMPORT BANK OF THE
REPUBLIC OF CHINA,

                   Judgment Creditor,

              -against-

GRENADA,

                  Judgment Debtor.

06-CV-2469 (HB)

**AFFIDAVIT OF LESLIE SCOTT IN
SUPPORT OF JOINT MOTION TO
VACATE RESTRAINING NOTICES**

I, LESLIE SCOTT, state under penalty of perjury as follows:

1.     I am the General Manager of Aviation Services of Grenada Ltd. ("ASG"). I make this affidavit from personal knowledge except as to statements made on information and belief, and as to such statements, I believe them to be true.

2.     ASG was incorporated as an independent, private sector company under Grenadian law (specifically, the Companies Act 1994) on December 29, 1999. ASG is a wholly owned subsidiary of the Grenada Airports Authority ("GAA"). Neither the Government of Grenada nor any government ministry has any ownership stake in ASG.

3.     ASG is the principal entity responsible for ground handling services at Maurice Bishop International Airport ("MBIA"), Grenada's main airport. Ground handling services include a variety of passenger services, ramp handling services, cargo handling services, and aircraft cleaning services. In addition, ASG provides a variety of services related to the planes themselves while they are on the ground, including ground power, air conditioning, water and lavatory servicing, air start units, and gate pushback. ASG provides these services to all airlines flying into and out of Grenada, including British Airways, Virgin Atlantic Airways, Monarch Airlines, Caribbean Airlines, Air Canada and Conviasa Airlines (the "Airlines").

1

4.     In exchange for its services, ASG receives payment from the various airlines. Some services are charged on a per-service basis (such as gate pushback for planes), some on a per-hour basis (such as air conditioning provided to planes on the ground), and some at contracted-for per flight rates (such as turnaround services).  These payments are ASG's sole source of revenue, and ASG is dependent upon the receipt of these payments to remain in operation.  All revenues received are used to maintain ASG's day-to-day operations, including the payment of employee salaries and the purchase of necessary equipment and supplies.

5.     ASG is managed by a board of directors who are elected by its shareholder, the GAA.  See By-Law No 1 of ASG, attached hereto as Exhibit A, § 4.  ASG Directors have the typical powers and protections accorded to the directors of any other corporate entity including the power to borrow money upon the credit of ASG, the power to vote at board meetings with respect to issues affecting the company, the power to appoint officers of the company, and limited liability for acts taken in the scope of their duties as directors.  Id. at §§ 5, 6, 11, and 9.

6.     Neither the Government of Grenada nor the GAA have any role in the day-to-day operations of ASG.  Day-to-day operations are overseen and managed by a General Manager, whose functions are those of a typical chief executive officer, and who reports to the ASG Board.

7.     It is my understanding that the Export-Import Bank of the Republic of China ("EX-IM") has served restraining notices on most if not all of the Airlines in conjunction with its efforts to enforce a 2007 judgment against the government of Grenada.  It is also my understanding that these restraining notices call for the Airlines to cease making any and all payments that they are required to make in conjunction with their operations in Grenada.

8.     ASG was not a party to the above-referenced lawsuit and is not a judgment debtor to EX-IM as part of that suit or otherwise.  Nor was ASG a party to any of the loan agreements at

issue in the dispute, or otherwise responsible for making any payments to EX-IM or any other entity in relation to those loans. On information and belief, none of EX-IM's allegations in the underlying suit against Grenada related in any way to any action, inaction, or conduct of ASG or any of its officers, directors, members or employees. In short, ASG had no involvement with the facts or circumstances that ultimately led to the EX-IM lawsuit and judgment.

9. Furthermore, no payments of any kind relating to the ground handling services provided by ASG are ever paid or owed by the Airlines to the Government of Grenada. All such payments are owed and made by the Airlines directly to ASG. In spite of these facts, it is my understanding that at least some of the Airlines, including Virgin Atlantic and British Airways, have responded to the restraining notices by withholding payments due to ASG.

10. Because revenue from the above-referenced payments represents ASG's sole source of income, any interruption in the receipt of these payments would have a disastrous impact on ASG's ability to continue to function. It is not an exaggeration to say that the services provided by ASG on a daily basis are essential to the ongoing functioning of MBIA, and by extension, the nation of Grenada (as MBIA is the main airport for Grenada and one of the major hubs for all commerce, transit, and tourism for the country). It is, therefore, imperative that any improper restraint of these funds cease as soon as possible.

Dated: 16th March, 2012

_____
Leslie Scott
General Manager, ASG Ltd.

Sworn to before me this
16th day of March, 2012

_____
Notary Public



LESLIE-ANN SEON
NOTARY PUBLIC
GRENADA W.I.
COM. EXPIRES 2012     3

EXHIBIT A

*THE COMPANIES ACT NO. 35 OF 1994*

*COMPANY LIMITED BY SHARES*



*BY-LAW NO 1*

*OF*

*AVIATION SERVICES OF GRENADA LTD.*

*Confirmed by shareholders*

*PREPARED BY:*

*GRANT, JOSEPH & CO.,*
*Chambers,*
*Lucas Street,*
*St. George's,*
*Grenada.*

THE COMPANIES ACT NO. 35 OF 1994
COMPANY LIMITED BY SHARES
TABLE OF CONTENTS

| Chapter | Page |
|---|---|
| 1. Interpretation ... | 1 |
| 2. Registered Office | 2 |
| 3. Seal ... | 2 |
| 4. Directors | 2-3 |
| 5. Borrowing Powers of Directors | 3 |
| 6. Meetings of Directors | 3-5 |
| 7. Remuneration of Directors | 5 |
| 8. Submission of Contracts to Shareholders | 5 |
| 9. For the Protection of Directors and Officers | 5-7 |
| 10. Indemnities to Directors and Officers | 7 |
| 11. Officers | 8-10 |
| 12. Shareholders' Meetings | 11-15 |
| 13. Shares | 16 |
| 14. Transfer of Shares and Debentures | 16-17 |
| 15. Dividends | 17 |
| 16. Voting in Other Companies | 17 |
| 17. Information Available to Shareholders | 18 |
| 18. Notices | 18-20 |
| 19. Cheques, Drafts and Notes | 20 |
| 20. Execution of Instruments | 20-21 |
| 21. Signatures | 22 |
| 22. Financial Year | 23 |

### THE COMPANIES ACT 1994

### BY-LAW NO. 1

*A By-law relating generally to the conduct of the affairs of:*

### AVIATION SERVICES OF GRENADA LTD.

*BE IT ENACTED as the general by-law of **AVIATION SERVICES OF GRENADA LTD.** (hereinafter called "the Company") as follows:*

1. ### Interpretation

1.1. *In this by-law and all other by-laws of the Company, unless the context otherwise requires:*

    (a) ***"the Act"*** *means the Companies Act 1994 as from time to time amended and every statute substituted therefor and, in the case of such substitution, any references in the by-laws of the Company to provisions of the Act shall be read as references to the substituted provisions therefor in the new statute or statutes.*

    (b) ***"the Regulations"*** *means any regulations made under the Act, and every regulation substituted therefor and, in the case of such substitution, any references in the by-laws of the Company to provisions of the Regulations shall be read as references to the substituted provisions therefor in the new regulations;*

    (c) ***"By-laws"*** *or **"by-laws"** means any by-law of the Company from time to time in force;*

    (d) ***"the Secretary"*** *means the Company secretary;*

    (e) *all terms contained in the by-laws and defined in the Act or the Regulations shall have the meanings given to such terms in the Act or the Regulations; and*

    (f) *the singular includes the plural and the plural includes the singular; the masculine gender includes the feminine gender and the neuter gender; the word "person" includes bodies corporate, companies, partnerships, syndicates, trusts and any association of persons, and the word "individual" means a natural person.*

2.   **_Registered Office_**

The registered office of the Company shall be in St. George's
at such address as the directors may fix from time to time by
resolution.

3.   **_Seal_**

The common seal of the Company shall be such as the directors
may by resolution from time to time adopt.

4.   **_Directors_**

4.1   Powers:  Subject to any unanimous shareholder agreement,
the business and affairs of the Company shall be managed
by the directors.

4.2   Number:  There shall be a minimum of three (3) directors
and a maximum of seven (7) directors.

4.3   Election:  Directors shall be elected by the shareholders
on a show of hands unless a ballot is demanded in which
case such election shall be by ballot.

4.4   Tenure:   Unless his tenure is sooner determined, a
director shall hold office from the date from which he is
elected or appointed until the close of the annual
meeting of the shareholders next following but he shall
be eligible for re-election if qualified.

4.4.1   A director who is also an officer shall continue to
be a director until he ceases to be an officer.

4.4.2   A director shall cease to be a director:

(a)   If he becomes bankrupt or compounds with his
creditors or is declared insolvent; or

(b)   if he is found to be of unsound mind; or

(c)   if by notice in writing to the Company he
resigns his office and any such resignation
shall be effective at the time it is sent to
the Company or at the time specified in the
notice, whichever is later.

4.4.3   The shareholders of the Company may, by ordinary
resolution passed at a special meeting of the

*shareholders, remove any director from office and a vacancy created by the removal of a director may be filled at the meeting of the shareholders at which the director is removed.*

4.5 *Committee of Directors:  The directors may appoint from among their number a committee of directors and subject to section 82(2) of the Act may delegate to such committee any of the powers of the directors.*

5. **Borrowing Powers of Directors**

5.1 *The directors may from time to time:*

   (a) *borrow money upon the credit of the Company;*

   (b) *issue, reissue, sell or pledge debentures of the Company;*

   (c) *subject to section 53 of the Act, give a guarantee on behalf of the Company to secure performance of an obligation of any person;*

   (d) *mortgage, charge, pledge or otherwise create a security interest in all or any property of the Company, owned or subsequently acquired, to secure any obligation of the Company.*

5.2 *The directors may from time to time by resolution delegate to any officer of the Company all or any of the powers conferred on the directors by paragraph 5.1 hereof to the full extent thereof or such lesser extent as the directors may in any such resolution provide.*

5.3 *The powers conferred by paragraph 5.1 shall be supplemental to  and not in substitution for any powers to borrow money for the purposes of the Company possessed by its directors or officers independently of a borrowing by-law.*

6. **Meetings of Directors**

6.1 *Place of Meetings:  Meetings of the directors and of any committee of the directors may be held within or outside Grenada.*

3

6.2 *Notice: A meeting of the directors may be convened at any time by any director or the Secretary, when directed or authorised by any director. Subject to section 79(1) of the Act the notice of any such meeting need not specify the purpose of or the business to be transacted at the meeting. Notice of any such meeting shall be served in the manner specified in by-law 18.1 hereof not less than two days (exclusive of the day on which the notice is delivered or sent but inclusive of the day for which notice is given) before the meeting is to take place. A director may in any manner waive notice of a meeting of the directors and attendance of a director at a meeting of the directors shall constitute a waiver of notice of the meeting except where a director attends a meeting for the express purpose of objecting to the transaction of any business on the grounds that the meeting is not lawfully called.*

6.2.1 *It shall not be necessary to give notice of a meeting of the directors to a newly elected or appointed director for a meeting held immediately following the election of directors by the shareholders or the appointment to fill a vacancy among the directors.*

6.3 *Quorum: () directors shall form a quorum for the transaction of business and, notwithstanding any vacancy among the directors, a quorum may exercise all the powers of the directors. No business shall be transacted at a meeting of directors unless a quorum is present.*

6.3.1 *A director may, if all the directors consent, participate in a meeting of directors or of any committee of the directors by means of such telephone or other communications facilities as permit all persons participating in the meeting to hear each other and a director participating in such a meeting by such means is deemed to be present at that meeting.*

6.4 *Voting: Questions arising at any meeting of the directors shall be decided by a majority of votes. In case of an equality of votes the chairman of the meeting in addition to his original vote shall have a second or casting vote.*

4

6.5   *Resolution in lieu of meetings:* Notwithstanding any of the foregoing provisions of this by-law a resolution in writing signed by at all the directors entitled to vote on that resolution at a meeting of the directors or any committee of the directors is as valid as if it had been passed at a meeting of the directors or any committee of the directors.

7.   **Remuneration of Directors**

7.1   The remuneration to be paid to the directors shall be such as the directors may from time to time determine and such remuneration may be in addition to the salary paid to any officer or employee of the Company who is also a director.    The directors may also award special remuneration to any director undertaking any special services on the Company's behalf other than the routine work ordinarily required of a director and the confirmation of any such resolution or resolutions by the shareholders shall not be required.   The directors shall also be entitled to be paid their travelling and other expenses properly incurred by them in connection with the affairs of the Company.

8.   **Submission of Contracts or Transactions to Shareholders for Approval**

The directors in their discretion may submit any contract, act or transaction for approval  or ratification at any annual meeting of the shareholders or at any special meeting of the shareholders called for the purpose of considering the same and, subject to the provisions of section 91 of the Act, any such contract, act or transaction that is approved or ratified or confirmed by a resolution passed by a majority of the votes cast at any such meeting (unless any different or additional requirement is imposed by the Act or by the Company's Articles or any other by-law) shall be valid and as binding upon the Company and upon all the shareholders as though it had been approved, ratified or confirmed by every shareholder of the Company.

9.   **For the Protection of Directors and Officers**

9.1   No director of the Company shall be liable to the Company for:-

5

(a) the acts, receipts, neglects or defaults of any other director or officer or employees or for joining in any receipt or act for conformity;

(b) any loss, damage or expense incurred by the Company through the insufficiency or deficiency of title to any property acquired by the Company or for or on behalf of the Company.

(c) the insufficiency or deficiency of any security in or upon which any of the moneys of or belonging to the Company shall be placed out or invested;

(d) any loss or damage arising from the bankruptcy, insolvency or tortious act of any person, including any person with whom any moneys, securities or effects shall be lodged or deposited;

(e) any loss, conversion, misapplication or misappropriation of or any damage resulting from any dealings with any moneys, securities or other assets belonging to the Company;

(f) any other loss, damage or misfortune whatever which may happen in the execution of the duties of his respective office or trust or in relation thereto;

unless the same happens by or through his failure to exercise the powers and to discharge the duties of his office honestly and in good faith in the best interests of the Company and in connection therewith to exercise the care, diligence and skill that a reasonably prudent person would exercise in comparable circumstances.

9.2 Nothing herein contained shall relieve a director or officer from the duty to act in accordance with the Act or regulations made thereunder or relieve him from liability for any breach thereof.

9.2.1 The directors for the time being of the Company shall not be under any duty or responsibility in respect of any contract, act or transaction whether or not made, done or entered into in the name or on behalf of the Company, except such as are submitted to and authorised or approved by the directors.

6

9.2.2.   If any director or officer of the Company is
employed by or performs services for the Company
otherwise than as a director or officer or is a
member of a firm or a shareholder, director or
officer of a body corporate which is employed by or
performs services for the Company, the fact of his
being a shareholder, director or officer of the
Company shall not disentitle such director or
officer or such firm or body corporate, as the case
may be, from receiving proper remuneration for such
services.

## 10.   Indemnities to Directors and Officers

10.1   Subject to section 99 of the Act, except in respect
of an action by or on behalf of the Company to
obtain a judgment in its favour, the Company shall
indemnify a director or officer of the Company, a
former director or officer of the Company or a
person who acts or acted at the Company's request as
a director or officer of a body corporate of which
the Company is or was a shareholder or creditor, and
his personal representatives, against all costs,
charges and expenses, including an amount paid to
settle an action or satisfy a judgment, reasonably
incurred by him in respect of any civil, criminal or
administrative action or proceeding to which he is
made a party by reason of being or having a director
or officer of such company, if:

(a)   he acted honestly and in good faith in the
best interests of the Company; and

(b)   in the case of a criminal or administrative
action or proceeding that is enforced by a
monetary penalty, he had reasonable grounds
for believing that his conduct was lawful.

7

11. **_Officers_**

11.1    Appointment:  The directors shall as often as may be
        required  appoint  a  Secretary  and,  if  deemed
        advisable, may as often as may be required appoint
        any or all of the following officers: a Chairman, a
        Deputy Chairman, a Managing Director, a President,
        one or more Vice-Presidents, a Treasurer, one or
        more Assistant Secretaries or one or more Assistant
        Treasurers.   A director may be appointed to any
        office of the Company but none of the officers
        except  the  Chairman,  the  Deputy  Chairman,  the
        Managing Director, the President and Vice-President
        need be a director.   Two or more of the aforesaid
        offices may be held by the same person.   In case and
        whenever  the  same  person  holds  the  offices  of
        Secretary and Treasurer he may but need not be known
        as the Secretary-Treasurer.   The directors may from
        time to time appoint such other officers and agents
        as they deem necessary who shall have such authority
        and shall perform such duties as may from time to
        time be prescribed by the directors.

11.2    Remuneration:   The remuneration of all officers
        appointed by the directors shall be determined from
        time to time by resolution of the directors.   The
        fact that any officer or employee is a director or
        shareholder of the Company shall not disqualify him
        from   receiving   such   remuneration   as   may   be
        determined.

11.3    Powers and Duties:  All officers shall sign such
        contracts, documents or instruments in writing as
        require  their  respective  signatures  and  shall
        respectively have and perform all powers and duties
        incidental  to  their  respective  offices  and  such
        other powers and duties respectively as may from
        time to time be assigned to them by the directors.

11.4    Delegation:  In case of the absence or inability to
        act of any officer of the Company except a Managing
        Director or for any other reason that the directors
        may deem sufficient the directors may delegate all
        or any of the powers of such officer to any other
        officer or to any director.

8

11.5     Chairman:  The Chairman shall, when present, preside
         at all meetings of the directors, and any committee
         of the directors or the shareholders.

11.6     Deputy Chairman:  If the Chairman is absent or is
         unable or refuses to act, the Deputy Chairman (if
         any) shall, when present, preside at all meetings of
         the directors, and any committee of the directors,
         or the shareholders.

11.7     Managing Director:  A Managing Director shall
         exercise such powers and have such authority as may
         be delegated to him by the directors in accordance
         with the provisions of section 82 of the Act.

11.8     President:  A President shall be the Chief Executive
         Officer of the Company.  He shall be vested with and
         may exercise all the powers and shall perform all
         the duties of a Chairman and Deputy Chairman if none
         be appointed or if the Chairman and the Deputy are
         absent or are unable or refuse to act.

11.9     Vice-President: A Vice-President or, if more than
         one, the Vice-President, in order of seniority,
         shall be vested with all the powers and shall
         perform all the duties of the President in the
         absence or inability or refusal to act of the
         President.

11.10    Secretary:  The Secretary shall give or cause to be
         given notices for all meetings of the directors, any
         committee of the directors and the shareholders when
         directed to do so and shall have charge of the
         minute books and seal of the Company and, subject to
         the provisions of by-law 14.1 hereof, of the records
         (other than accounting records) referred to in
         section 117 of the Act.

11.11    Treasurer:   Subject to the provisions of any
         resolutions of the directors, the Treasurer shall
         have the care and custody of all the funds and
         securities of the Company and shall deposit the same
         in the name of the Company in such bank or banks or
         with such other depositary or depositaries as the
         directors may direct.  He shall keep or cause to be
         kept the accounting records referred to in section
         187 of the Act.  He may be required to give such

9

*bond for the faithful performance of his duties as the directors in their absolute discretion may require but no director shall be liable for failure to require any such bond or for the insufficiency of any such bond or for any loss by reason of the failure of the Company to receive any indemnity thereby provided.*

11.12   *Assistant Secretary and Assistant Treasurer:   The Assistant Secretary or, if more than one, the Assistant Secretaries in order of seniority, and the Assistant Treasurer or, if more than one, the Assistant Treasurers in order of seniority, shall respectively perform all the duties of the Secretary and the Treasurer, respectively, in the absence or inability or refusal to act of the Secretary or the Treasurer, as the case may be.*

11.13   *General Manager or Manager:   The directors may from time to time appoint one or more General Managers or Managers and may delegate to him or them full power to manage and direct the business and affairs of the Company (except such matters and duties as by law must be transacted or performed by the directors or by the shareholders) and to employ and discharge agents and employees of the Company or may delegate to him or them any lesser authority.   A General Manager or Manager shall conform to all lawful orders given to him by the directors of the Company and shall at all reasonable times give to the directors or any of them all information they may require regarding the affairs of the Company.   Any agent or employee appointed by the General Manager or Manager may be discharged by the directors.*

11.14   *Vacancies:   If the office of any officer of the Company becomes vacant by reason of death, resignation, disqualification or otherwise, the directors by resolution shall, in the case of any other office, appoint a person to fill such vacancy.*

12.   *Shareholders' Meetings*

12.1    *Annual Meeting:   Subject to the provisions of section 107 of the Act, the annual meeting of the shareholders shall be held on such day in each year and at such time as the directors may by resolution determine at any place within Grenada  or, if all the shareholders entitled to vote at such meeting so agree, outside Grenada.*

12.2    *Special Meetings:   Special meetings of the shareholders may be convened by order of the Chairman, the Deputy Chairman, the Managing Director, the President, a Vice-President or by the directors at any date and time and at any place within Grenada or, if all the shareholders entitled to vote at such meeting so agree, outside Grenada.*

12.2.1    *The directors shall, on the requisition of the holders of not less than five percent of the issued shares of the Company which carry a right to vote at the meeting requisitioned, forthwith convene a meeting of shareholders, and in the case of such requisition the following provisions shall have effect:*

(1)    *The requisition must state the purpose of the meeting and must be signed by the requisitionist or requisitionists and deposited at the Registered Office and may consist of several documents in like form each signed by one or more of the requisitionists.*

(2)    *If the directors do not, within twenty-one days from the date of the requisition being so deposited, proceed to convene a meeting, the requisitionists or any of them may themselves convene the meeting, but any meeting convened shall not be held after three months from the date of such deposit.*

(3)    *Unless subsection (3) of section 131 of the Act applies, the directors shall be deemed not to have duly convened the meeting if they do not give such notice as is required by the Act*

11

within fourteen (14) days from the deposit of the requisition.

(4) Any meeting convened under this paragraph by the requisition shall be called as nearly as possible in the manner in which meetings are to be called pursuant to the by-laws and Divisions E and F of Part 1 of the Act.

(5) A requisition by joint holders must be signed by all such holders.

12.3   Notice:   A printed, written or typewritten notice stating the day, hour and place of meeting shall be given by serving such notice on each shareholder entitled to vote st such meeting, on each director and on the auditor of the Company in the manner specified in paragraph 18.1 hereof, not less than twenty-one (21) days or more than fifty (50) days (in each case exclusive of the day for which the notice is delivered or sent and of the day for which notice is given) before the date of the meeting. Notice of a meeting at which special business is to be transacted shall state (a) the nature of that business in sufficient detail to permit the shareholder to form a reasoned judgment thereon, and (b) the text of any special resolution to be submitted to the meeting.

12.4   Waiver of Notice:   A shareholder and any other person entitled to attend a meeting of shareholders may in any manner waive notice of a meeting of shareholders and attendance of any such person at a meeting of shareholders shall constitute a waiver of notice of the meeting except where such person attends a meeting for the express purpose of objecting to the transaction of any business on the grounds that the meeting is not lawfully called.

12.5   Omission to give Notice:   The accidental omission to give notice of any meeting or any irregularity in the notice of any meeting or the non-receipt of any notice by any shareholder, director or the auditor of the Company shall not invalidate any resolution passed or any proceeding taken at any meeting of the shareholders.

12.6      Votes:  Every question submitted to any meeting of
          shareholders shall be decided in the first instance
          by a show of hands unless a person entitled to vote
          at the meeting has demanded a ballot and in the case
          of an equality of votes the chairman of the meeting
          shall on a ballot have a casting vote in addition to
          any votes to which he may be otherwise entitled.

12.6.1    At every meeting at which he is entitled to vote,
          every  shareholder,  proxy  holder  or  individual
          authorised to represent a shareholder who is present
          in person shall have one vote on a show of hands.
          Upon a ballot at which he is entitled to vote, every
          shareholder, proxy holder or individual authorised
          to represent a shareholder shall, subject to the
          articles, have one vote for every share held by the
          shareholder.

12.6.2.   At every meeting unless a ballot is demanded, a
          declaration by the Chairman of the meeting that a
          resolution has been carried or carried unanimously
          or by a particular majority or lost or not carried
          by a particular majority shall be conclusive
          evidence of the fact.

12.6.3    When  the  Chairman,  the  Deputy  Chairman,  the
          President and the Vice-President are absent, the
          persons who are present and entitled to vote shall
          choose another director as chairman of the meeting,
          but if no director is present or all the directors
          present decline to take the chair, the persons who
          are present and entitled to vote shall choose one of
          their number to be chairman.

12.6.4    A ballot, either before or after any vote by a show
          of hands, may be demanded by any person entitled to
          vote at the meeting.  If at any meeting a ballot is
          demanded on the election of a chairman or on the
          question of adjournment it shall be taken forthwith
          without adjournment.  If at any meeting a ballot is
          demanded on any other question or as to the election
          of directors, the vote shall be taken by ballot in
          such manner and either at once, later in the meeting
          or after adjournment as the chairman of the meeting
          directs.  The results of a ballot shall be deemed to
          be the resolution of the meeting at which the ballot
          was demanded.  A demand for a ballot may be written.

12.6.5   If two or more persons hold shares jointly, one of those holders present at a meeting of shareholders may, in the absence of the other, vote the shares; but if two or more of those persons who are present, in person or by proxy vote, they must vote as one on the shares jointly held by them.

12.7   Proxies:  Votes at the meeting of shareholders may be given either personally or by proxy or, in the case of a shareholder who is a body corporate or association, by an individual authorised by a resolution of the directors or governing body of that body corporate or association to represent it at meetings of shareholders of the Company.

12.7.1   A proxy shall be executed by the shareholder or his attorney authorised in writing and is valid only at the meeting in respect of which it is given or any adjournment thereof.

12.7.2   A person appointed by proxy need not be a shareholder.

12.7.3   Subject to the provisions of Part IV of the Regulations, a proxy may be in the following form:

The undersigned shareholder of _____ hereby appoints _____ of _____ or failing him _____ of _____ _____ as the nominee of the undersigned to attend and act for the undersigned and on behalf of the undersigned at the _____ meeting of the shareholders of the said Company to be held on the _____ day of _____ 19___ and at any adjournment or adjournments thereof in the same manner, to the same extent and with the same powers as if the undersigned were present at the said meeting or such adjournment or adjournments thereof.

Dated this _____ day of _____ 19___

14

_____

*Signature of Shareholder*

12.8    Adjournment:   The chairman of any meeting may with
        the consent of the meeting adjourn the same from
        time to time to a fixed time and place and no notice
        of  such  adjournment  need  be  given  to  the
        shareholders unless the meeting is adjourned by one
        or more adjournments for an aggregate of thirty (30)
        days or more in which case notice of the adjourned
        meeting shall be given as for an original meeting.
        Any business that might have been brought before or
        dealt with at the original meeting in accordance
        with the notice calling the same may be brought
        before or dealt with at any adjourned meeting for
        which no notice is required.

12.9    Quorum:   Subject to the Act, and except in the case
        of a Company having only one shareholder a quorum
        for the transaction of business at any meeting of
        the shareholders shall be two persons present in
        person, each being either a shareholder entitled to
        vote thereat, or a duly appointed proxy holder or
        representative of a shareholder so entitled.   If a
        quorum is present at the opening of any meeting of
        the  shareholders,  the  shareholders  present  or
        represented may proceed with the business of the
        meeting notwithstanding a quorum is not present
        throughout the meeting.   If a quorum is not present
        within thirty (30) minutes of the time fixed for a
        meeting of shareholders, the persons present and
        entitled to vote may adjourn the meeting to a fixed
        time and place but may not transact any other
        business.

12.10   Resolution in lieu of meeting:   Notwithstanding any
        of the foregoing provisions of this by-law a
        resolution in writing signed by all the shareholders
        entitled to vote on that resolution at a meeting of
        the shareholders is, subject to section 130 of the
        Act, as valid as if it had been passed at a meeting
        of the shareholders.

15

13.  **_Shares_**

13.1    *Allotment and Issuance:  Subject to the Act, the articles and any unanimous shareholder agreement, shares in the capital of the Company may be allotted and issued by resolution of the directors at such times and on such terms and conditions and to such persons or class of persons as the directors determine.*

13.2    *Certificates:  Share certificates and the form of share transfer shall (subject to section 197 of the Act) be in such form as the directors may by resolution approve and such certificates shall be signed by any director and the Secretary or an Assistant Secretary holding office at the time of signing.*

13.2.1  *The directors or any agent designated by the directors may in their or his discretion direct the issuance of a new share or other such certificate in lieu of and upon cancellation of a certificate that has been mutilated or in substitution for a certificate claimed to have been lost, destroyed or wrongfully taken, on payment of such reasonable fee and on such terms as to indemnity, reimbursement of expenses and evidence of loss and of title as the directors may from time to time prescribe, whether generally or in any particular case.*

14.  **_Transfer of Shares and Debentures_**

14.1    *Transfer:  The shares or debentures of the Company may be transferred by a written instrument of transfer signed by the transferor and naming the transferee.*

14.2    *Registers:  Registers of shares and debentures issued by the Company shall be kept at the registered office of the Company or at such other place in Grenada as may from time to time be designated by resolution of the directors.*

14.3    *Surrender of Certificates:  Subject to section 195 of the Act, no transfer of shares or debentures shall be registered unless or until the certificate*

16

representing the shares or debentures to be transferred has been surrendered for cancellation.

14.4    Shareholder indebted to the Company:  If so provided in its articles, the Company has a lien on a share registered in the name of a shareholder or his personal representative for a debt of that shareholder to the Company by way of enforcement of such lien the directors may refuse to permit the registration of a transfer of such share.

## 15.  Dividends

15.1    The directors may from time to time by resolution declare and the Company may pay dividends on the issued shares in the capital of the Company subject to the provisions (if any) of the articles and sections 51 and 52 of the Act.

15.1.1  In case several persons are registered as the joint holders of any shares, any one of such persons may give effectual receipts for all dividends and payments on account of dividends.

## 16.  Voting in Other Companies

16.1    All shares or debentures carrying voting rights in any other body corporate that are held from time to time by the Company may be voted at any and all meetings of shareholders or debenture holders (as the case may be) of such other body corporate and in such manner and by such person or persons as the directors of the Company shall from time to time determine.  The officers of the Company may for and on behalf of the Company from time to time:

(a)    execute and deliver proxies; and

(b)    arrange for the issue of voting certificates or other evidence of the right to vote

in such names as they may determine without the necessity of a resolution or other action by the directors.

17

17. **Information Available to Shareholders**

17.1     Except as provided by the Act, no shareholder shall be entitled to any information respecting any details or conduct of the Company's business which in the opinion of the directors it would be inexpedient in the interests of the Company to communicate to the public.

17.2     The directors may from time to time, subject to rights conferred by the Act, determine whether and to what extent and at what time and place and under what conditions or regulations the documents, books and registers and accounting records of the Company or any of them shall be open to the inspection of shareholders and no shareholder shall have any right to inspect any document or book or register or accounting record of the Company except as conferred by statute or authorised by the directors or by a resolution of the shareholders.

18. **Notices**

18.1     Method of giving notice:   Any notice or other document required by the Act, the Regulations, the articles or the by-laws to be sent to any shareholder, debenture holder, director or auditor may be delivered personally or sent by prepaid mail or cable or telex to any such person at his latest address as shown in the records of the Company or its transfer agent and to any such director at his latest address as shown in the records of the Company or in the latest notice filed under section 69 or 77 of the Act, and to the auditor at his business address.

18.2     Waiver of notice:   Notice may be waived or the time for the notice may be waived or abridged at any time with the consent in writing of the person entitled thereto.

18.3     Undelivered notices:   If a notice or document is sent to a shareholder or debenture holder by prepaid mail in accordance with this paragraph and the notice or document is returned on three consecutive occasions because the shareholder or debenture holder cannot be found, it shall not be necessary to

18

send any further notices or documents to the
shareholder or debenture holder until he informs the
Company in writing of his new address.

18.4    Shares and debentures registered in more than one
name: All notices or other documents with respect
to any shares or debentures registered in more than
one name shall be given to whoever of such persons
is named first in the records of the Company and any
notice or other document so given shall be
sufficient notice of delivery to all the holders of
such shares or debentures.

18.5    Persons becoming entitled by operation of law:
Subject to section 200 of the Act, every person who
by operation of law, transfer or by any other means
whatsoever becomes entitled to any share is bound by
every notice or other document in respect of such
share which, prior to his name and address being
entered in the records of the Company is duly given
to the person from whom he derives his title to such
share.

18.6    Deceased Shareholders: Subject to section 200 of
the Act, any notice or other document delivered or
sent by prepaid mail, cable or telex or left at the
address of any shareholder as the same appears in
the records of the Company shall, notwithstanding
that such shareholder is deceased, and whether or
not the Company has notice of his death, be deemed
to have been duly served in respect of the shares
held by him (whether held solely or with any other
person) until some other person is entered in his
stead in the records of the Company as the holder or
one of the holders thereof and such service shall
for all purposes be deemed a sufficient service of
such notice or document on his personal
representatives and on all persons, if any,
interested with him in such shares.

18.7    Signature to notices: The signature of any director
or officer of the Company to any notice or document
to be given by the Company may be written, stamped,
typewritten or printed or partly written, stamped,
or typewritten or printed.

19

18.8    *Computation of time:*  Where a notice extending over a number of days or other period is required under any provisions of the articles or the by-laws the day of sending the notice shall, unless it is otherwise provided, by counted in such number of days or other period.

18.9    *Proof of Service:*  Where a notice required under paragraph 18.1 hereof is delivered personally to the person to whom it is addressed or delivered to his address as mentioned in paragraph 18.1 hereof, service shall be deemed to be at the time of delivery of such notice.

18.9.1  Where such notice is sent by post, service of the notice shall be deemed to be effected forty eight (48) hours after posting if the notice was properly addressed and posted by prepaid mail.

18.9.2  Where the notice is sent by cable or telex, service is deemed to be effected on the date on which the notice is so sent.

18.9.3  A certificate of an officer of the Company in office at the time of the making of the certificate or of any transfer of shares of any class of the Company as to facts in relation to the delivery or sending of any notice shall be conclusive evidence of those facts.

19.   **Cheques, Drafts and Notes**

19.1    All cheques, drafts, or orders for the payment of money and all notes and acceptances and bills of exchange shall be signed by such officers or persons and in such manner as the directors may from time to time designate by resolution.

20.   **Execution of Instruments**

20.1    Contracts, documents or instruments in writing requiring the signature of the Company may be signed by:

(a)     a Chairman, a Deputy Chairman, a Managing Director, a President a Vice President or any director together with the Secretary; or

20

(b)    any two directors

and all contracts, documents and instruments in writing so signed shall be binding upon the Company without any further authorisation or formality. The directors shall have power from time to time by resolution to appoint any officers or persons on behalf of the Company either to sign certificates for shares in the Company and contracts, documents and instruments in writing generally or to sign specific contracts, documents or instruments in writing.

20.1.1    The common seal of the Company may be affixed to contracts, documents and instruments in writing signed as aforesaid or by any officers or persons specified in paragraph 20.1 hereof.

20.1.2    Subject to section 136 of the Act

(a)    a Chairman, a Deputy Chairman, a Managing Director, a President, a Vice-President or any director together with the Secretary; or

(b)    any two directors

shall have authority to sign and execute (under the seal of the Company or otherwise) all instruments that may be necessary for the purpose of selling, assigning, transferring, exchanging, converting or conveying any such shares, stocks, bonds, debentures, rights, warrants or other securities.

21

21.  **_Signatures_**

21.1    The signature of a Chairman, a Deputy Chairman, a
Managing Director, a President, a Vice-President,
the Secretary or any director of the Company or of
any officer or person, appointed pursuant to
paragraph 20 hereof by resolution of the directors
may, if specifically authorised by resolution of the
directors, be printed, engraved, lithographed or
otherwise   mechanically   reproduced   upon   any
certificate for shares in the Company or contract,
document or instrument in writing, bond, debenture
or other security of the Company executed or issued
by or on behalf of the Company.   Any document or
instrument in writing on which the signature of any
such officer or person is so reproduced shall be
deemed to have been manually signed by such officer
or person whose signature is so reproduced and shall
be as valid to all intents and purposes as if such
document or instrument in writing had been signed
manually and notwithstanding that the officer or
person whose signature is so reproduced has ceased
to hold office at the date on which such document or
instrument in writing is delivered or issued.

22. **_Financial Year_**

*The directors may from time to time by resolution establish the financial year of the Company.*

Enacted this 9th day of April, 2002

Corporate Seal

................................
President

................................
Secretary

23