UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE EXPORT-IMPORT BANK OF THE REPUBLIC OF CHINA,<br><br>                Judgment Creditor,<br><br>                -against-<br><br>GRENADA,<br><br>                Judgment Debtor. | :<br>:<br>:<br>:<br>:   06-CV-2469 (HB) (AJP)<br>:<br>:<br>:<br>: |

**MEMORANDUM OF LAW CONCERNING SCOPE OF PERMISSIBLE DISCOVERY**

Brian E. Maas
Khianna N. Bartholomew
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Avenue
New York, New York 10022
Tel.: (212) 980-0120
Fax: (212) 593-9175
bmaas@fkks.com
kbartholomew@fkks.com

*Attorneys for Defendant/Judgment Debtor Grenada*

Steven D. Greenblatt
THE LAW OFFICE OF STEVEN D. GREENBLATT
480 Broadway, Suite 328
Saratoga Springs, New York 12866
Tel.: (518) 824-1254
Fax: (518) 824-5704
sgreenblatt@sdgesq.com

*Attorney for Interested Third Parties Grenada Airports Authority, Aviation Services of Grenada Ltd., Grenada Ports Authority, National Water and Sewage Authority of Grenada, and Grenada Solid Waste Management Authority*

**PRELIMINARY STATEMENT**

On May 14, 2012, the Court directed the parties to submit briefs concerning the scope of discovery that EX-IM should be permitted to take with respect to the issues raised by the Joint Motion to Vacate Restraining Notices and EX-IM's Cross Motion for Discovery and Turnover. Not content to wait for such briefing – let alone for the Court to rule on the propriety or scope of any permissible discovery – on May 21, 2012, EX-IM served the Joint Movants with *fourteen* deposition notices, each of which also contains extensive requests for production of documents (copies of which are attached as exhibits to the Declaration of Steven D. Greenblatt submitted herewith). Even in the abstract, the notices are burdensome, call for obviously duplicative discovery from an unnecessary number of deponents, and seek information that is irrelevant to the only two material issues in dispute this matter: whether the Restraining Notices were served in violation of Grenada's sovereign execution immunity under the Foreign Sovereign Immunities Act ("FSIA"), and whether the Statutory Corporations should be deemed Grenada's "alter egos" for judgment enforcement purposes. Should the Court conclude that discovery is necessary in this matter, it should not allow EX-IM to so overreach in this manner.

Discovery on both issues should be allowed, if at all, in compliance with the requirements of both C.P.L.R. § 5222 and the FSIA. First, discovery should only take place after vacatur of the Restraining Notices pending EX-IM's satisfaction of its pre-issuance burdens under both C.P.L.R. § 5222 and FSIA § 1610(c). EX-IM's requests for discovery on both the availability of the "commercial activity" exemption to sovereign execution immunity and on the "alter ego" question are tantamount to admissions that the Court may not yet decide either issue in EX-IM's favor – decisions which are pre-requisites to the issuance of the Restraining Notices.

Second, in accordance with Second Circuit precedent concerning discovery against the

1

backdrop of the FSIA, any allowed discovery must be as narrowly tailored as possible so as to minimize the burden placed on the Joint Movants. Depositions of the five representatives of the Statutory Corporations that provided affidavits in support of the Joint Motion ("Affiants") will be more than sufficient to give EX-IM and the Court all of the information necessary for adjudication of both the alter ego and sovereign immunity issues presented by this matter.

## ARGUMENT

### I. THE FOREIGN SOVEREIGN IMMUNITIES ACT PLACES STRICT LIMITATIONS ON THE DISCOVERY AVAILABLE TO EX-IM

Whether EX-IM likes it or not, it has a judgment against a sovereign nation. Its judgment enforcement attempts are, therefore, constrained by the FSIA and the presumption of execution immunity it accords to sovereign property. *See* 28 U.S.C. § 1609. Any challenge to that presumptive immunity must indisputably conform to the substantive and procedural constraints of the FSIA. This fact has two immediate consequences for EX-IM in these proceedings. First, if the Court is inclined to allow discovery on the availability of an exception to execution immunity, it must, necessarily vacate the Restraining Notices; a determination that discovery is needed on this issue is a determination that the Court cannot make the pre-requisite determination that such restraints on sovereign property can be issued until after completion of such discovery (and, presumably, further briefing). *See* 28 U.S.C. § 1610(c). *See also* Joint Movants' Reply Mem. at 3 – 8 (*citing* SDNY and 2d Cir. cases requiring dismissal of restraining notices against sovereign property due to issuers' failure to first obtain § 1610(c) orders); Transcript of May 14, 2012 Hearing ("Tr.") at 34:5 – 36:3 (discussing EX-IM's burdens under FSIA § 1610(c)). Even if the Joint Movants may be subjected to the burden of limited discovery, EX-IM cannot be allowed to run roughshod over the FSIA and sovereign immunity.

Second, any discovery that the Court does now permit must be narrowly tailored in scope

and substance so as to cause as minimal a burden on the Joint Movants as possible. As noted by Judge Wood in *Thai Lao Lignite v. Government of the Lao People's Democratic Republic*, 2011 U.S. Dist. LEXIS 103378, *5 (S.D.N.Y. 2011):

> [T]he circuit courts have urged that district courts proceed with caution, taking into account the "comity concerns" implicated in the "delicate balancing between permitting discovery to substantiate exceptions to statutory foreign sovereign immunity and protecting a sovereign's or sovereign agency's legitimate claim to immunity from discovery." *First City, Texas-Houston, N.A. v. Rafidain Bank,* 150 F.3d 172, 176 (2d Cir. 1998) [(internal quotation marks and citations omitted)].
>
> The Second Circuit has emphasized that "[d]iscovery should be ordered circumspectly and only to verify allegations of specific facts crucial to an immunity determination." *EM Ltd.* [*v. Republic of Arg.*, 473 F.3d 463, 486 (2d Cir. N.Y. 2007))]; *See also Rubin* [*v. Islamic Republic of Iran*, 637 F.3d 783,] 796-97 (7th Cir. Ill. 2011) ("Discovery orders that are broad in scope and thin in foundation unjustifiably subject foreign states to unwarranted litigation costs and intrusive inquiries about their American-based assets. One of the purposes of the immunity codified in § 1609 is to shield foreign states from these burdens.").

EX-IM does not need fourteen depositions to assess the applicability of the only possible exemption to execution immunity which could justify issuance of the Restraining Notices, i.e., whether the Restrained Funds are "used for a commercial activity in the United States." It would be unnecessarily duplicative and burdensome, for example, to allow EX-IM to depose the Affiants *and* also depose additional Rule 30(b)(6) representatives of each statutory corporation (which they have served notices for). EX-IM can obtain all information necessary – both documentary and testimonial – to test the availability of execution immunity from the Affiants, whose affidavits attest to their knowledge of the nature, collection, and use of the Restrained Funds. Similarly, there is no reason to permit EX-IM to take discovery from government ministers with oversight responsibilities for the Statutory Corporations, who can offer no additional information concerning the Restrained Funds not already obtainable from the Affiants. Thus, applying the principles of comity and circumspection urged by the Courts of this Circuit,

3

the Court may allow EX-IM to take discovery from only the Affiants and only for the limited purpose of assessing the availability of the commercial activity exception to execution immunity.

## II. ANY DISCOVERY ALLOWED ON THE "ALTER EGO" STATUS OF THE STATUTORY CORPORATIONS SHOULD BE SIMILARLY CONSTRAINED.

EX-IM's desire for discovery on an alleged "alter ego" relationship between Grenada and the Statutory Corporations should also only be accommodated subject to EX-IM's adherence to its burdens of proof and the imposition of reasonable scope limitations. Because EX-IM only has a judgment against Grenada, in order for its Restraining Notices to be valid and effective against the property of the Statutory Corporations (including the Restrained Funds), EX-IM must undeniably prove that the Statutory Corporations are the alter egos of Grenada. *See* Mem. in Support of Joint Motion at 11 – 12. The Joint Movants concede that such a determination is an issue of fact on which the Court may permit EX-IM to take discovery. However, given the presumption of independence from Grenada that the Statutory Corporations are entitled to (*see Id.*, at 12 – 14 and citations therein including, *e.g.*, *Letelier v. Republic of Chile*, 748 F.2d 790 (2d Cir. 1984) ("both *Bancec* and the [FSIA] legislative history caution against too easily overcoming *the presumption of separateness*" accorded governments and their instrumentalities) (emphasis added)), it would be a violation of the Statutory Corporations' due process rights for the Court to permit the Restraining Notices to remain in effect pending its adjudication of the alter ego question. *See* Joint Movants' Reply Mem. at 8 – 12; Tr. at 36:18 – 39:22.[1] By requesting discovery, EX-IM concedes that the alter ego determination cannot yet be made, and therefore, that the Restraining Notices must be vacated pending adjudication of the issue.

---

[1] It's not enough for EX-IM to simply make a "*prima facie*" showing on the alter ego issue. EX-IM Surreply at 4. In *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs.*, 295 F. Supp. 2d 366 (S.D.N.Y. 2003), the Court expressly found that just such a *prima facie* showing had been made on alter ego liability. *See JSC*, 295 F. Supp. 2d at 377 – 78. The Court still vacated the restraining notices issued by the judgment creditor against the property of the alleged alter egos, holding that absent actual judicial determination of alter ego liability, the alter ego property was not property in which the judgment debtor had the requisite direct interest. *Id.* at 392 – 93.

4

EX-IM's present deposition notices and document requests are also duplicative and unnecessarily burdensome with respect to any permitted discovery on the alter ego issue. Again, there is no reason to permit Rule 30(b)(6) discovery in addition to discovery from the Affiants, who have already affirmed their capacity to testify about the day-to-day operations of the Statutory Corporations and the involvement of the government therewith. Nor is discovery from the noticed government ministers warranted, as any evidence obtained from them would also be duplicative of or cumulative to that provided by the Affiants. Finally, discovery from Mr. Mitchell is also unnecessary at this time. His affidavit merely summarizes the contents of the enabling legislation under which the Statutory Corporations were organized, and thus all he can speak to are the powers that the government *may* exercise over the Statutory Corporations. Such information is both self-evident from a reading of the statutes (which, as evidenced by its briefing and argument in this matter, EX-IM has had no trouble accomplishing without assistance from Mr. Mitchell), and irrelevant given that the legal inquiry on this point is as to what the government *actually does* to control its alleged alter ego, not what it is capable of doing. *See* Mem. in Support of Joint Motion at 14 - 16.

**CONCLUSION**

For the foregoing reasons and those stated in its previously submitted Memoranda and in argument at the May 14, 2012 hearing before the Court, the Statutory Corporations respectfully request that the Court grant their Joint Motion to Vacate Restraining Notices, and award such other and further relief as it may deem appropriate.

Dated: New York, New York
       May 25, 2012

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By: /s/Brian E. Maas
    Brian E. Maas
    Khianna N. Bartholomew
488 Madison Avenue
New York, New York 10022
Tel.: (212) 980-0120
Fax: (212) 593-9175
bmaas@fkks.com
kbartholomew@fkks.com

*Attorneys for Defendant/Judgment Debtor Grenada*

THE LAW OFFICE OF STEVEN D. GREENBLATT

By: /s/ Steven D. Greenblatt
    Steven D. Greenblatt
480 Broadway, Suite 328
Saratoga Springs, New York 12866
Tel.: (518) 824-1254
Fax: (518) 824-5704
sgreenblatt@sdgesq.com

*Attorney for Interested Third Parties Grenada Airports Authority, Aviation Services of Grenada Ltd., Grenada Ports Authority, National Water and Sewage Authority of Grenada, and Grenada Solid Waste Management Authority*