UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE EXPORT-IMPORT BANK OF THE REPUBLIC OF CHINA, | : |
| Judgment Creditor, | : 06-CV-2469 (HB) (AJP) |
| -against- | : **AFFIDAVIT OF AMBROSE PHILLIP IN OPPOSITION TO MOTION TO STAY VACATUR OF RESTRAINING NOTICES** |
| GRENADA, | : |
| Judgment Debtor. | : |

I, AMBROSE PHILLIP, state under penalty of perjury as follows:

1. I am the General Manager of the Grenada Ports Authority ("GPA"). I make this affidavit from personal knowledge except as to statements made on information and belief, and as to such statements, I believe them to be true.

2. It is my understanding that EX-IM Bank has requested that the Court stay implementation of its June 22, 2012 Order vacating the Restraining Notices that were served by EX-IM's counsel in this matter. It is also my understanding that EX-IM has claimed that Grenada will suffer no harm in the event that the Court grants the requested stay. Many of the entities that have been restrained are cruise lines that regularly pay, and now owe money to the GPA in conjunction with their use of Grenada's sea port and related public facilities and services. The purpose of this affidavit is to inform the Court that EX-IM is very much incorrect: the GPA has suffered great harm as a result of the Restraining Notices, and should EX-IM's motion be granted, that harm will only increase, with escalating consequences not only for the GPA, but for the nation of Grenada.

3. As a direct result of the loss of monthly revenue engendered by the Restraining Notices, the Authority has had to implement emergency cash management policies that have

1

included incurring high-interest debt to finance operations, and dramatically scaling back on needed infrastructure improvements and critical maintenance projects.

4. Minimally sufficient operations have only been able to be maintained through the GPA's utilization of an overdraft facility to pay salaries and meet daily operational commitments. Interest of 8.8% is being paid on the overdraft facility, with the result that expenditures that would ordinarily be paid with incoming revenues from the presently-restrained fee collections now cost the GPA almost 9% more than they should, since the GPA has the added interest burden and repayment obligations. Naturally, if the restraints are continued, the GPA will continue to incur these additional charges and obligations.

5. Because cash has become tight and interest charges are unsustainable, the GPA has also been forced to scale back on or reduce its plans for critical maintenance projects and capital improvements in calendar year 2012. These planned projects, now on hold, are not luxury items. Rather, they are basic refurbishments of aging equipment and infrastructure that, if not undertaken soon, will result in serious service degradation at Grenada's port facilities and negative commercial impacts for Grenada.

6. Two pieces of particularly critical equipment affected by this situation are the GPA's two container-handling equipment systems. The systems are used to load and offload from ships the standard cargo containers used in international commerce. The two units had not been functioning properly and are due for refurbishment at an estimated cost of EC$1,125,818.00. As a result of the cash shortage caused by the Restraining Notices, the GPA has been forced to reschedule the refurbishment work on both of these units, which are vital for the Ports' operations. Sustained postponement of the necessary maintenance could threaten the ability to refurbish the units, and the GPA will not be in a financial position to replace them.

7. The cash flow restrictions imposed by the Restraining Notices have also forced the GPA to put on hold the construction of a new port facility in Carriacou, one of the dependencies that make up the State of Grenada. The project was originally scheduled to begin in 2012 after Engineers had advised that due to deterioration of the structure steel on the existing main jetty in Carriacou, its structural integrity has been considerably compromised, and therefore, it should be refurbished or replaced as soon as possible. The postponement of this project is also particularly troubling for the nation of Grenada because as an island nation, our sea ports play particularly critical roles in our social and commercial lives. Should the Carriacou jetty collapse or become otherwise unusable, a sizable amount of Grenada's population would be forced to endure significantly compromised port services, at best, which would certainly lead to travel delays and shortages of vital commodities.

8. Finally, I note that while the GPA has so far been able to maintain operations through debt financing, there is a limit to how long this can go on. Our bankers will not continue to extend unlimited amounts of credit, and even if they did, the incursion of this much high-interest debt will mean that in the future, the GPA will have enormous repayment burdens that will continue to drag on its operational capabilities for years to com. It is, therefore, imperative that any improper restraint of these funds cease as soon as possible, and so I respectfully request that the Court deny Ex-Im's motion.

Dated: July 30, 2012

_____
Ambrose Phillip
General Manager, Grenada Ports Authority

Sworn to before me this
30th day of July, 2012

_____
Notary Public

**SHEILA M. HARRIS**
Notary Public
Lucas Street, St. George's
Grenada, W.I.
Tel: (473) 440-1627 / 3459
harris@grantjolawyers.com
Commission Expires 24/11/14