UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE EXPORT-IMPORT BANK OF THE REPUBLIC OF CHINA,<br><br>     Judgment Creditor,<br><br>  -against-<br><br>GRENADA,<br><br>     Judgment Debtor. | 06-CV-2469 (HB) (AJP)<br><br>**AFFIDAVIT OF KAREN RODEN-LAYNE IN OPPOSITION TO MOTION TO STAY VACATUR OF RESTRAINING NOTICES** |

I, KAREN RODEN-LAYNE, state under penalty of perjury as follows:

1. I am the General Manager of the Grenada Solid Waste Management Authority ("GSWMA"). I make this affidavit from personal knowledge except as to statements made on information and belief, and as to such statements, I believe them to be true.

2. It is my understanding that Ex-Im Bank has moved to stay the Court's June 22, 2012 Decision and Order vacating the Restraining Notices served in this matter by Ex-Im Bank. I make this affidavit in order to explain to the Court the disastrous effects such a stay would have on the GSWMA and, thus, on the entire nation of Grenada.

3. As I stated in my previously submitted affidavit in support of the Joint Movants' Motion to Vacate Restraining Notices, "revenue from the Environmental Levies collected from the restrained entities represents a substantial and significant portion of the SWMA's total revenues," and "[t]he continued deprivation of the GSWMA of these funds as a result of EX-IM's restraining notices will impair the GSWMA's ability to honor its contracts and pay its employees, and will significantly hamper the GSWMA's ability to fulfill its mission to effectively operate and manage solid waste disposal in Grenada." As a result of the continued

1

restraint of funds that should have been paid to the GSWMA, these predictions have not only come to pass, but, in fact, the future of the GSWMA is now at stake.

4. As I also stated in my previous affidavit, the GSWMA was facing significant financial pressures even before the imposition of the Restraining Notices. More specifically, since 2009, in order to meet its operational responsibilities, the GSWMA has already been supplementing its regular revenues with debt financing via an overdraft facility provided by Republic Bank at an annual interest rate of 9%.

5. The Restraining Notices have, however drastically worsened the GSWMA's financial situation. As noted in my previous affidavit, the Environmental Levies collected by the Grenada Airports Authority and Ports Authority from the restrained airlines and cruise lines that bring passengers to Grenada represent 16% of the GSWMA's total annual revenues in a given year. As a result of the Restraining Notices, the GSWMA has entirely lost out entirely on all of this revenue for the current fiscal year, and that deprivation has forced the GSWMA to draw even more heavily upon the above-described overdraft facility. In fact, the draw-downs on this facility as a direct result of the restrained revenues nearly caused the GSWMA to max out its line in July 2012, meaning that the GSWMA at present has almost no room left to borrow for its operational expenses, and will soon face the very real possibility of having no borrowing room left at all, and thus being unable to pay its contractors and employees.

6. The added financial crisis brought on by the continued operation of the Restraining Notices is having an even more deleterious impact on the GSWMA as it comes at a time of great operational need for repair and replacement of aging essential facilities and equipment. The Authority is now at the stage, for example, where urgent attention must be given to capital projects. Grenada is a small island nation and space at Grenada's present landfill is

necessarily limited. Space can only be created through waste incineration, but the GSWMA presently lacks the funds to undertake this initiative. Many of the GSWMA's assets are also in dire need of replacement, including much of the heavy equipment necessary for its operations. The continued operation of the Restraining Notices has directly and drastically cut off the GSWMA's ability to address these pressing needs.

7. The Restraining Notices have, in short, pushed the GSWMA to the brink of operational paralysis and financial insolvency. Even prior to their imposition, the GSWMA was financially challenged. Still, through reasonable financial management and sustainable levels of debt financing, we had been able to fulfill our operational responsibilities and maintain Grenada's solid waste management systems. The Restraining Notices, however, have tipped the balance against the GSWMA. Even if they were vacated effective today, the GSWMA would still have the added debt and interest burdens that nearly a full year of restrained revenues has forced it to incur. If the Restraining Notices are allowed to continue to remain in effect – despite the Court's order vacating them, the GSWMA will face the very real possibility of no longer being able to operate. It goes without saying that the effect of a solid waste management system shutdown would be catastrophic, both for Grenada's tourism-based economy, but, more importantly, for public health, hygiene, and sanitation.

Dated: July 26, 2012

                                                        Karen Roden-Layne
                                                      General Manager, Grenada Solid Waste
                                                      Management Authority

Sworn to before me this
26 day of July, 2012

Notary Public

**SHEILA M. HARRIS**
Notary Public
Lucas Street, St. George's
Grenada, W.I.
Tel: (473) 440-1627 / 3459
harris@grantjolawyers.com
Commission Expires 24/11/14



3