UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE EXPORT-IMPORT BANK OF THE
REPUBLIC OF CHINA,

     Judgment Creditor,

  -against-

GRENADA,

     Judgment Debtor.

06-CV-2469 (HB) (AJP)

**AFFIDAVIT OF TERRENCE SMITH IN OPPOSITION TO MOTION TO STAY VACATUR OF RESTRAINING NOTICES PENDING APPEAL**

I, TERRENCE SMITH, state under penalty of perjury as follows:

1.  I am the Chairman of the Board of Directors of the National Water and Sewage Authority ("NWSA"). I make this affidavit from personal knowledge except as to statements made on information and belief, and as to such statements, I believe them to be true.

2.  It is my understanding that EX-IM Bank has requested that the Court stay implementation of its June 22, 2012 Order vacating the Restraining Notices that were served by EX-IM's counsel in this matter. It is also my understanding that EX-IM has claimed that Grenada will suffer no harm in the event that the Court grants the requested stay. The purpose of this affidavit is to inform the Court that, with respect to the National Water and Sewage Authority and the services and facilities that it is responsible for, EX-IM's claim could not be more untrue. The NWSA has already suffered tremendous harm as a result of the Restraining Notices, and should their vacatur be stayed, the negative impact on the NWSA and on the nation of Grenada will not only continue, but will escalate.

3.  The most telling impact of the Restraining Notices at present is, I am sorry to say, the discharge of raw sewage into the near-shore environment around Grenada. This unsettling

1

condition is the result of the effects that the Restraining Notices have had on the NWSA's ability to implement its 2012 Capital Plan. In particular, the restraint of payments that the NWSA would ordinarily receive from the cruise lines that have been restrained by EX-IM has materially impacted the NWSA's cash flow as well as its ability to access financing to execute critical projects included in the NWSA's 2012 Work plan. Most notably among these critical projects is the replacement of a marine outfall from one of our sewerage systems. The outfall is currently broken in the near shore environment and is emitting raw sewage. Because of the restricted revenue situation brought on directly by the Restraining Notices, the NWSA does not have the funds to address this urgently needed repair.

4. Needless to say, unless the marine outflow is repaired soon, great harm will result to Grenada's marine environment. Moreover, the nature of the problem means that this harm will pose significant risks to human health for persons such as bathers, divers, boaters and fishermen who are likely to come in contact with the effluent. And, for a nation dependent upon marine-related tourism, it goes without saying that an environmental and sanitation disaster of this nature will have incredibly negative impacts across the entire breadth of the Grenadian economy (who would want to visit a beach or fish in waters polluted with raw sewage?).

5. The Restraining Notices have had other negative financial impacts for the NWSA. As a result of the restraint of cash flows from the various Restrained Entities, the NWSA has only been able to maintain its operations by accessing an overdraft facility to make up for the cash shortfalls. This facility requires the NWSA to pay overdraft interest charges at the rate of 9.5% per annum, accrued on a monthly basis, on any outstanding balances. Without this overdraft facility, the NWSA could not meet its operating costs.

6. Even with the overdraft facility, the Restraining Notices have necessitated ever greater use of this facility, causing the NWSA to go deeper and deeper into debt, and to incur interest charges that it otherwise would not have to incur. Any extension of the restraints will only deepen this cycle of debt, as the NWSA will be required to continue to borrow to meet its basic operational needs, and will thus incur more and more interest obligations, which will mire the Authority in debt and interest payments, diverting more and more cash away from its operational needs.

7. In sum, EX-IM is simply wrong to contend that a stay of the Court's Order would do no harm to Grenada. The harms have been and will continue to be great, and so I respectfully request that the Court deny EX-IM's motion.

Dated: July 30, 2012

_____
Terrence Smith
Chairman of the Board
National Water and Sewage Authority

Sworn to before me this
30th day of July, 2012

_____
Notary Public

SHIREEN J. WILKINSON LL.B (Hons.) LL.M
ATTORNEY - AT - LAW
SOLICITOR, CONVEYANCER
& NOTARY PUBLIC
CHAMBERS, LUCAS STREET
ST. GEORGE'S GRENADA W I

My commission expires 28th March 2016

3