UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
THE EXPORT-IMPORT BANK OF THE REPUBLIC :
OF CHINA,                               :
                                        :
                  Plaintiff,           :           06 Civ. 2469 (HB)
                                        :
     against-                          :
                                        :
                                        :           OPINION &
                                        :           ORDER
GRENADA,                                :
                  Defendant.           :
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

        Before the Court is a motion to stay the vacatur of restraining notices and the disbursement of funds pending appeal brought by Plaintiff/ Judgment Creditor Export-Import Bank of the Republic of China ("Ex-Im Bank"). Defendant/ Judgment Debtor Grenada ("Grenada") defaulted on several multimillion loans, and I awarded judgment in favor of Ex-Im Bank on March 16, 2007. I recently entered an opinion and order that granted Grenada's motion to prevent Ex-Im Bank from using an award of costs and fees to Grenada's attorneys following an unrelated arbitration to satisfy the judgment against Grenada in this case (the "Arbitration Funds"). *Export-Import Bank of Republic of China v. Grenada*, No. 06 Civ. 2649, 2012 WL 2433529 (S.D.N.Y. June 22, 2012). The order also vacated restraining notices the ("Restraining Notices") issued by Ex-Im Bank to various airlines, cruise lines and shipping companies that prevented them from paying taxes, fees and other charges in connection with their Grenada-related business (the "Restrained Funds"). *Id.* For the reasons set forth below, Ex-Im Bank's request for a stay is DENIED as to both the disbursement of the Arbitration Funds and the vacatur of the Restraining Notices. It is interesting to note that Plaintiff never sought a stay prior to the Court bringing the concept to its attention. Be that as it may and as per its request for a temporary stay while it applies to the Circuit, that request is GRANTED to and including August 31, 2012, with respect to both the disbursement of the Arbitration Funds and the vacatur of the restraining notices.[1]

---

[1] Additional background to this litigation is available in my recent opinion. *Ex-Im Bank*, 2012 WL 2433529.

## DISCUSSION

The most significant factor to be considered on this motion is the potential harm to the non-movant, Grenada, from the imposition of a stay. *Centauri Shipping Ltd. v. W. Bulk Carriers KS*, 528 F. Supp. 2d 186, 188-89 (S.D.N.Y. 2007); *see also LNC Invs. Inc. v. Republic of Nicar.*, No. 96 Civ. 6360, 2000 WL 729216, at *2 (S.D.N.Y. June 6, 2000) (declining to enter stay after noting that "the Central Bank may suffer substantial injury if a further stay is issued"). As I noted in my earlier decision, "the Restrained Funds are not involved in regular commercial transactions, but rather are collected as part of the Corporations regulation of and provision of access to Grenada's public facilities and services." *Ex-Im Bank*, 2012 WL 2433529, at *4. In its opposition papers, Grenada outlines the potential harms the Restrained Entities face from the continuation of the Restraining Notices. *See, e.g.*, George Aff. ¶¶ 3-5 (explaining that the Grenada Airports Authority is due approximately $1.6 million, a figure representing 37 percent of its 2012 budget); Roden-Layne Aff. at ¶¶ 4-7 ("The restraining notices have, in short, pushed the [Grenada Solid Waste Management Authority] to the brink of operational paralysis and financial insolvency.").

None of the other factors persuades me that the imposition of a stay is warranted. Ex-Im Bank "has not demonstrated a substantial possibility of success on appeal based on this Court's detailed discussion" of Ex-Im Bank's arguments in my June 22, 2012 opinion, *Ex-Im Bank*, 2012 WL 2433529. *LNC*, 2000 WL 729216, at *2. As in *General Transportation Services Inc. v. Kemper Insurance Co.*, Ex-Im Bank fails to show that Grenada is about to become insolvent: Grenada has assets and generates revenue. No. 03 Civ. 620, 2003 WL 21703635, at *3–*4 (N.D.N.Y. June 23, 2003) (declining to issue stay on the basis of the debtor's alleged insolvency where the defendant's credit rating default had been downgraded, it had laid off a significant number of its employees, and the default was $700 million). Both the Arbitration Funds and the Restrained Funds are "mere money damages." *Ford v. Reynolds*, 316 F.3d 351, 355 (2d Cir. 2003). Further, the Restrained Funds are a stream of payments due to various Grenada entities. If Ex-Im Bank prevails on appeal and prevails on a subsequent turnover motion, it can execute on that stream of payment due to the Restrained Entities.[2]

---

[2] The fact that Ex-Im Bank failed to even request a stay until I alerted the parties to the fact that there was no stay in place further suggests that there will be no irreparable harm in the absence of a stay.

Further, the public interest disfavors the imposition of a stay. Respect for the relationship between the United States and Grenada and for Grenada as a sovereign nation were crucial to my earlier judgment. While "the enforcement of valid contracts and the collection of valid judgments," Ex-Im Bank Mem. 12, are certainly important considerations, they do not outweigh the commitment of the United States to principles of comity. *See Weston Compagnie De Finance Et D'Investissement S.A. v. La Republica Del Ecuador*, No. 93 Civ. 2698, 1993 WL 267282, at *2 (S.D.N.Y. July 14, 1993) ("Perhaps there is, as well, a public interest in the relations between the United States and Ecuador that suggests at least proceeding with care when the latter nation's funds are at stake.").

## CONCLUSION

For the foregoing reasons, Ex-Im Bank's motion for a stay is DENIED; however, Ex-Im Bank is GRANTED a temporary stay until August 31, 2012, so that it may seek a stay from the Second Circuit. The Clerk of the Court is directed to close the motion and remove it from my docket.

**SO ORDERED.**

New York, New York
August 17, 2012

_____
Hon. Harold Baer, Jr.
U.S.D.J.