# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Michael J. Frevola
(212) 513-3516
michael.frevola@hklaw.com



```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/27/12
```

September 14, 2012

<u>Via Facsimile (212) 805-7901</u>

Honorable Harold Baer
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312



Re: *The Export-Import Bank of the Republic of China v. Grenada*
Docket No. 06-CV-2469 (HB)(AJP)

Dear Judge Baer:

We represent non-party Virgin Atlantic Airways ("Virgin Atlantic") in the above-referenced action. Pursuant to a Restraining Notice served by Plaintiff on Virgin Atlantic and a Stipulation agreed to by the parties and endorsed by the Court, Virgin Atlantic is required to deposit funds due and owing to certain Grenada airport entities into the Court's registry on a monthly basis. Virgin Atlantic has deposited more than $340,000 in the Court's registry. Virgin Atlantic recently discovered that additional funds (totaling $215,234.09) that were wired in May, June, July and August to the Court's registry had been returned to its banking institution apparently because the case number was missing from the wire transfer. Virgin Atlantic has rewired those funds to the Court's registry. We understand that Virgin Atlantic is scheduled to make another payment on or before September 21, 2012.

On June 22, 2012, this Court issued an Opinion and Order granting the joint motion of Grenada and the interested Grenada entities to vacate the Restraining Notice. No Judgment from the Opinion and Order was entered. On June 27, 2012, Plaintiff filed a notice of appeal. On August 17, 2012, the Court issued an Opinion and Order denying Plaintiff's application for a stay but granting a temporary stay to August 31 to allow Plaintiff time to seek a stay from the Second Circuit. No Judgment from the August 17 Opinion and Order was entered.

On August 27, 2012, Plaintiff filed a motion in the Second Circuit seeking a stay of the vacatur of the restraining notice during the pendency of the appeal. That motion was fully briefed by August 30, 2012. On August 31, 2012, the Second Circuit denied a temporary stay of the vacatur of the Restraining Notice and indicated that the motion "will be determined by a motions panel as soon as possible." To date, no decision has been issued.

Hon. Harold Baer
September 14, 2012
Page 2


Counsel for the Grenada airport entities has advised us that they will seek the release of the funds held by the Court's registry because the Restraining Notice is no longer effective. Counsel also requested that Virgin Atlantic no longer direct funds to the Court's registry and instead direct future payments to the Grenada airport entities through IATA in the ordinary course of business.

Rule 62(a) of the Federal Rules of Civil Procedure provides for an automatic stay to preclude enforcement of a court order until 10 days after entry of judgment on the order. This rule has been applied by courts of this District to apply to orders relating to the release of attached/restrained funds. *See, e.g.*, Order dated May 29, 2008, *Tangshan Schijichenhui Iron and Steel Products Co., Ltd. v. Lords Polymer (I) Pvt. Ltd.*, No. 1:08-cv-3576 (PAC) (S.D.N.Y.) (Doc. #16) (unreported) (a copy of the letter presented to the court and the court's memorandum endorsement ruling accompany this letter). As things stand, no separate court order has been entered that would start (and ultimately end) the 10-day automatic stay period under Rule 62(a).

Because there is a risk that Virgin Atlantic could be seen as violating the Rule 62(a) automatic stay by ceasing to abide by the Restraining Notice before the automatic stay period concluded, Virgin Atlantic respectfully requests the Court's guidance as to whether it is required to continue depositing funds to the Court's registry pending the Second Circuit's decision on the motion for stay. Should the Court prefer, we are available for a conference call with all parties.

We thank Your Honor for your consideration of this matter.

Respectfully submitted,

Michael J. Frevola

Enclosures

cc:  Andrew T. Solomon, Esq. (*via email*)
     Paul E. Summit, Esq. (*via email*)
     Brian E. Maas, Esq. (*via email*)
     Steven D. Greenblatt, Esq. (*via email*)

[Handwritten memorandum endorsement: "9/27 - Judgment is not violated because there is no stay - Virgin should send the money directly to Grenada for both this Ct. & not this Ct. SO ORDERED Harold Baer, USDJ"]

#11536065_v1

Endorsement:

   Judgment signed 9/27.  Virgin is not violating any stay because there is no stay - Virgin should send the money directly to Grenada or ask them for instructions. Not this Court.