

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE EXPORT-IMPORT BANK OF THE REPUBLIC OF
CHINA,

                                  Plaintiff,

                - against -

GRENADA,

                              Defendant.

06 Civ. 2469 (HB) (AJP)

## CONFIDENTIALITY AGREEMENT AND ORDER

This Confidentiality Agreement and Order (the "Order") is entered into by and between the undersigned counsel, acting for and on behalf of their respective clients: (a) the Export-Import Bank of the Republic of China (the "Bank"), and (b) non-party, the International Air Transport Association ("IATA").

WHEREAS, the Bank served IATA with a Subpoena To Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action and an Information Subpoena, both dated October 17, 2012 (collectively, the "Subpoenas"), which Subpoenas request that IATA produce certain documents and provide information (collectively, the "Discovery Materials") relevant to the Bank's attempts to collect upon a judgment that it represents it has obtained against defendant, Grenada, in the United States District Court for the Southern District of New York;

WHEREAS, IATA has requested, and the Bank has agreed, that certain Discovery Materials will be produced subject to the terms of a mutually agreeable confidentiality agreement in order to protect the confidentiality of sensitive information; and

N-194686_2.DOC

WHEREAS, the Bank and IATA have entered into this Order and agreed to be bound by its terms;

The Court hereby enters the following Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

1.      **"Confidential Information"** shall mean any information, whether oral or written, produced in response to the Subpoenas which contains information concerning any of the following: (1) salary or other financial information of an individual; (2) personal medical information; (3) social security numbers or taxpayer identification numbers; (4) personnel information of current or former employees of the parties; (5) bank account information of IATA or non-parties to this Order which IATA is bound to protect as confidential; (6) documents which IATA is bound to protect as confidential pursuant to agreement with certain non-parties; and (7) proprietary commercial, business or financial information that is not generally available to the public or trade secrets. At the time of its production, the party producing the information and desiring to provide for its protection under this Order (the "Producing Party") shall communicate to the party receiving the information (the "Receiving Party") its intention that the information be deemed confidential and shall label each page of a document, or each disc containing electronically stored information, with the word "CONFIDENTIAL." The "CONFIDENTIAL" designation may be applied to discovery material that the Producing Party reasonably and in good faith determines to constitute Confidential Information, as that term is defined above.

2.      **Objection to Confidential Information Designation:** If a Receiving Party objects to the designation of any particular deposition testimony, document, discovery response, or other thing as Confidential Information, and the parties cannot informally resolve the dispute,

the Receiving Party shall notify the Producing Party in writing of its objection (an "Objection"). If the Producing Party still believes in good faith that the information was properly designated as "Confidential" under this Order and advises the Receiving Party of its position within 30 days of receiving the Receiving Party's Objection in writing, the Receiving Party may then file a motion with the Court for a determination of whether such evidence qualifies as Confidential Information.  Under such circumstances, the Receiving Party must continue to treat the deposition testimony, document, discovery response, or other thing in question as Confidential Information unless and until the Court rules that it does not constitute Confidential Information.

　　　3.　　All Confidential Information produced during discovery shall be maintained in strict confidence by counsel for the parties and shall be disclosed only to the following individuals and only to the extent necessary for the conduct of this action: (a) attorneys or employees of counsel's respective law firms who are engaged in the preparation for trial or the trial of this action; (b) court reporters in the performance of their official duties; (c) this Court or any other court before which the litigation is pending, including any court personnel; (d) the in-house counsel to the parties to this action (including legal staff); (e) with respect to a particular item of information or document, persons, including parties, who prepared or assisted in the preparation of that item or document, or to whom the item or document or a copy thereof was addressed or delivered; (f) expert witnesses or consultants who have been informed that they are bound by this Order and are retained solely for purposes of this litigation; (g) witnesses at depositions or hearings; and (h) any other person deemed necessary by counsel for a party so long as the person to whom Confidential Information is disclosed is informed that she/he is bound by this Order.

4. Prior to disclosing Confidential Information to any expert or consultants under Paragraph 3 above, the Receiving Party shall obtain from that expert an executed Confidentiality Acknowledgment in the form attached hereto as Exhibit "A" that the expert or consultant has read this Order and that the expert or consultant agrees both to be bound by the Order's terms and conditions and to subject himself or herself to the jurisdiction of this Court for the purpose of the enforcement of the Order (including the imposition of personal sanctions or penalties for non-compliance). Once an expert has been identified as someone who may testify at the trial of this action, counsel for the receiving party shall promptly deliver that expert's fully executed Confidentiality Acknowledgment to the producing party. If the expert has not been identified as someone who may testify at trial or is serving only as a consulting expert, counsel for the receiving party shall hold the Confidentiality Acknowledgement in trust for the benefit of the producing party until such time as the identity of the expert or consultant is disclosed to the producing party or until the termination of the action, at which time the Confidentiality Acknowledgement shall be delivered to the producing party. Except as provided for herein, no Confidential Information shall be disclosed to any expert or consultant who refuses or has failed to sign a Confidentiality Acknowledgment.

5. Confidential Information shall be used at depositions only in accordance with the provisions of this paragraph. The deponent must be advised on the record or in writing of the existence and contents of this Order and agree on the record or in writing to be bound by the terms of this Order. All persons who attend a deposition during any discussion of Confidential Information must fall within the categories described in paragraph 3 of this Order. The court reporter shall affix to the first page of the transcript of the deposition the following designation: "This deposition transcript and certain exhibits to it contain CONFIDENTIAL INFORMATION

in (caption), as defined in Confidentiality Agreement and Order" or other similar legend. A party may designate as Confidential Information any portion of any deposition that discusses or references Confidential Information. Such designation shall be made at the deposition or by written notification to all parties of the page and line numbers in the transcript that contain testimony so designated. If a party designates portions of a deposition by written notification, such notification shall instruct each party to make the following notation or other similar legend on each page so designated that is in its possession or control: "CONFIDENTIAL INFORMATION" and to affix to the front of each copy of such deposition a copy of the written notification. Upon receipt of such written notification, each party shall comply with the instructions described above. Any such notification shall be made within 20 days after the transcript is available, absent an agreement to a longer period by the examining party. Any information so designated in accordance with this paragraph shall thereafter be subject to protection as Confidential Information under this Order. The parties will treat the entirety of all deposition transcripts as Confidential Information until the 20-day period has elapsed, unless the parties agree in writing otherwise or a Court-imposed deadline renders the 20-day period unreasonable, in which case the party seeking to use the deposition transcript must promptly notify the other parties of its intention to use the deposition transcript prior to the expiration of the 20-day period.

6. If the Receiving Party intends to use any Confidential Information in connection with any papers filed with or otherwise submitted to the Court, the Receiving Party shall seek to file such Confidential Information under seal. To the extent possible, Confidential Information shall be separated from the non-confidential information and the party shall seek to file only the Confidential Information under seal.

7. While reserving the right to seek a court order extending the terms and conditions of this Order, the parties agree that this Order shall not apply during trial or appeal of the instant case.

8. Any person receiving Confidential Information under the terms of this Order shall make no use of the information for any purpose other than preparation for trial and the trial of this action and any pretrial or post-trial proceeding in this action and this action only.

9. Within thirty (30) days after termination of this action, whether by settlement, judgment or otherwise, all documents and other tangible items containing Confidential Information, including all copies and summaries thereof, shall be destroyed or returned to counsel of record for the party who disclosed the Confidential Information. All individuals to whom Confidential Information was disclosed in accordance with Paragraph 3 hereof shall also destroy or return such information to counsel of record for the disclosing party within thirty (30) days after termination of this action.

10. **Inadvertent Disclosure or Mis-designation:** The inadvertent or unintentional disclosure by a Producing Party of Confidential Information either by way of document production or deposition testimony, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Producing Party's claim of confidentiality as to the information disclosed. Any such inadvertently or unintentionally disclosed Confidential Information not designated such shall be so designated as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure. Upon receipt of such notification from the Producing Party, the Receiving Party immediately shall treat the material as Confidential Information. However, the

receiving party shall have no liability with respect to any prior disclosure or use of such material that is consistent with the terms of this Order.

    11.    This Court shall retain jurisdiction of all matters pertaining to this Order, and the parties to this Order agree to submit to the jurisdiction of this Court for matters relating to the enforcement of this Order.

    12.    The parties to this Order agree that their covenants and agreements as set forth herein survive the termination of this action.  Any provision of this Order may be modified by order of the Court or by written agreement of all parties hereto.

    13.    It is the present intention of the parties to this Order that the provisions of this Order shall govern IATA's responses to the Subpoenas. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Order by application to the Court on notice to the other parties hereto for good cause.

    14.    The parties to this Order agree to be bound by the terms of this Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if this Order had been entered by the Court.

    15.    This Order may be executed in one or more counterparts, each of which will be deemed an original, but which collectively will constitute one and the same instrument.  Signed facsimile or e-mail copies will be acceptable as an original.

Dated: December 21, 2012

*Jonathan D. Pressment* /pc

Jonathan D. Pressment
HAYNES AND BOONE, LLP
*Attorneys for non-party IATA*
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
Jonathan.Pressment@haynesboone.com

Andrew T. Solomon
Paul E. Summit
SULLIVAN & WORCESTER, LLP
*Attorneys for Plaintiff*
1633 Broadway, 32nd Floor
New York, New York 10019
(212) 660-3000
asolomon@sandw.com
psummit@sandw.com

SO ORDERED:

J.D.S

"Sealed" and "Confidential" documents may be
opened upon notice to the parties pursuant to further
order of the court.

SO ORDERED:

Hon. Harold Baer, Jr., U.S.D.J.

Date: 12/27/12

## EXHIBIT A

### ACKNOWLEDGMENT

The undersigned, for and on behalf of himself/herself/itself and his/her/its employees, agents and representatives, hereby acknowledges receipt of information which has been designated as "Confidential" pursuant to the terms and restrictions of the Confidentiality Agreement and Order (the "Order") signed and entered in *The Expert-Import Bank of the Republic of China v. Grenada.*, Case No. 06 Civ. 2469 (S.D.N.Y.) and that the undersigned has been given a copy of and has read and understands such Order. The undersigned agrees to subject himself/herself/itself to the personal jurisdiction of this Court for purposes of the enforcement of this Order and to abide and be bound by its terms and provisions. Among other things, the undersigned understands that he/she/it shall not disclose (as defined in the Order) any of such Confidential Information to any parties not covered by the Order, and that such Confidential Information, including copies of any Confidential Information, is to remain in his/her/its personal custody until the undersigned has completed his/her/its assigned duties, whereupon such Confidential Information is to be destroyed or returned to the person or entity that provided the undersigned with such material. The undersigned further agrees to notify any stenographic, administrative, or clerical personnel who are required to assist him/her/it of the terms of the Order. The undersigned agrees and attests to his/her/its understanding of this Acknowledgment and that in the event the undersigned or any of his/her/its agents or employees fails to abide by the terms of the Acknowledgement, the undersigned may be subject to legal action and/or other sanctions imposed by the Court for such failure.

IN WITNESS WHEREOF, the undersigned has executed this Acknowledgment this ___

day of _____, 20___.

_____
Signature

_____
Print Name